PEOPLE *v.* LE VASSEUR.

1. INTOXICATING LIQUORS — CRIMINAL LAW — SEARCH WARRANT — CONSTITUTIONAL LAW.

   A conviction of a violation of the liquor law resting upon evidence obtained by proceedings taken under section 25, Act No. 53, Pub. Acts 1919, declared unconstitutional by the Supreme Court *(People* v. *De La Mater, ante,* 167), must be set aside.

2. SAME—SEARCH WARRANT—PREMISES—PERSON.

   As to whether a search warrant which authorizes a search of defendant's premises authorizes a search of defendant's person,—*quære.*

Exceptions before judgment from Bay; Houghton (Samuel G.), J. Submitted June 17, 1920. (Docket No. 83.) Decided March 31, 1921.

Philip LeVasseur was convicted of violating the liquor law. Reversed, and defendant discharged.

*Hitchcock & Allison,* for appellant.

*William A. Collins,* Prosecuting Attorney, for the people.

BIRD, J. Defendant was convicted by a jury in the Bay circuit court for having in his possession a quantity of spirituous and intoxicating liquors. He has assigned error on the proceedings and contends that the conviction should be set aside because his constitutional rights have been invaded.

In June, 1919, defendant was engaged in conducting a soft drink parlor in the Republic hotel in Bay City. On June 18th Mr. George W. Snedicor, one of the State food inspectors, made an affidavit for a search warrant

213—Mich.—12.

to search defendant's premises, upon which affidavit a search warrant was issued by the police justice of Bay City, directed to the said food inspector, commanding him to

"enter into the premises of the Republic hotel occupied by Philip LeVasseur, located on the corner of 4th and Saginaw streets, in the city of Bay City, in the county of Bay, and there diligently search for the said intoxicating liquor and vessels, implements and furniture, and that you will bring the same, or any part thereof, found in such search, forthwith, before me, to be disposed of and dealt with according to law."

The food inspector, with his aides, visited defendant's premises and searched them. Before doing so, one of the inspector's aides, Mr. Gleason, reached into defendant's pocket and took therefrom a half pint bottle nearly filled with whisky. Subsequently defendant was arrested and held for trial.

Before trial counsel, in behalf of defendant, demanded a return of the bottle of whisky abstracted from defendant's pocket. This was refused and the trial court denied defendant's application for an order directing its return. A jury was then impaneled and the trial proceeded. Later the bottle of whisky was offered and received in evidence over the protest and objection of defendant's counsel.

It is counsel's contention that the admission of the bottle of whisky in evidence was error because the possession thereof was gotten illegally by the inspector, that while the search warrant authorized the inspector to search the premises, it did not authorize him to search the person of defendant. This raises the question whether a search warrant which authorizes a search of defendant's premises authorizes a search of defendant's person.

If the food inspector had the right to search defendant and seize property found on his person, it must

be found in the statute.   Act No. 53 of the Public Acts of 1919 is the authority relied on by the people to justify the conduct of the inspector.   Section 25 of this act provides:

"If any person makes a sworn complaint or affidavit before any magistrate authorized to issue warrants in criminal cases, that he has reason to believe, and does believe, that any intoxicating liquors are being manufactured, possessed, sold, furnished or given away, or kept for the purpose of being sold, furnished, given away or possessed, contrary to law, or that any such liquors are stored, temporarily or otherwise, in any depot, freight house, express office or in any other building or place with the apparent intention of being delivered for the purpose of being sold, furnished or given away contrary to the provisions of this act, such magistrate shall immediately issue his warrant to any officer whom the complainant may designate, having power to serve criminal process, commanding him to search the premises described and designated in such complaint and warrant, and if such liquors are there found to seize the same together with the vessels in which they are contained, and all the implements and furniture used and kept for such illegal manufacture," etc.

The people's case rested upon evidence which was obtained by proceedings taken under the section quoted.   This section of Act No. 53 of the Public Acts of 1919 was recently held unconstitutional by this court in the case of *People* v. *De La Mater, ante,* 167. In view of this, the judgment of conviction in this case must be set aside and the defendant discharged.

STEERE, C. J., and FELLOWS, STONE, CLARK, and SHARPE, JJ., concurred.   MOORE, J., did not sit.

The late Justice BROOKE took no part in this decision.