PEOPLE *v.* LICAVOLI.

1. CERTIORARI—ONLY QUESTIONS OF LAW REVIEWABLE.

On certiorari the Supreme Court reviews only questions of law, and therefore if there is testimony in the record sustaining the ruling sought to be reviewed, and it is correct as matter of law, it should be affirmed.

2. ARREST—CRIMINAL LAW—PROBABLE CAUSE—WHEN ARREST AND SEARCH WITHOUT WARRANT JUSTIFIABLE.

If an officer believes, and has good reason to believe, that one has committed a felony, or is committing a felony in his presence, he has probable cause, and may arrest without a warrant, and search him before confining him in jail.

3. CRIMINAL LAW—MOTION TO SUPPRESS EVIDENCE WHERE PROBABLE CAUSE FOR ARREST EXISTED PROPERLY DENIED.

Where defendant was charged with carrying concealed weapons in violation of section 5, Act No. 372, Pub. Acts 1927, a motion to suppress the evidence (a revolver) found upon him when he was arrested and searched, was properly denied; the record showing that the officer arresting defendant had probable cause to believe that he was committing a felony, which justified his arrest and search.

Certiorari to recorder's court of Detroit; Cotter (Thomas M.), J. Submitted October 12, 1928. (Docket No. 130, Calendar No. 33,895.) Decided December 4, 1928.

Pete Licavoli was arrested for carrying concealed weapons. From an order denying a motion to suppress evidence, he brings certiorari. Affirmed.

*George R. Buckley,* for appellant.

As to admissibility in evidence against defendant of articles taken from him, see annotation in 59 L. R. A. 466; 8 L. R. A. (N. S.) 762; 34 L. R. A. (N. S.) 58; L. R. A. 1915B, 834; L. R. A. 1916E, 715.

*Wilber M. Brucker,* Attorney General, *Robert M. Toms,* Prosecuting Attorney, and *William D. Brusstar,* Assistant Prosecuting Attorney, for the people.

FELLOWS, J.    Officers searched defendant and found a 45 caliber Smith & Wesson revolver concealed upon his person.    He was prosecuted for violating section 5, Act No. 372, Pub. Acts 1927. We here review by certiorari an order made by the recorder's court of Detroit denying his motion to suppress the evidence (the revolver).    We shall not discuss the propriety of the remedy or whether defendant is in position to seek the aid of this court in the premises, as we are clearly of opinion that the ruling must upon this record be affirmed.

On certiorari we only review questions of law. If there is testimony in the record sustaining the ruling, and it is correct as matter of law, the order should be affirmed.    The rule is pretty well settled that if an officer believes, and has good reason to believe, that one has committed a felony, or is committing a felony in his presence, he has probable cause, as the term is used, and may arrest without a warrant and search him before confining him in jail. The grounds on which such relief is based must, of course, appear.    If the testimony establishes *prima facie* that the officers in the instant case had such probable cause, then the revolver taken from his person should not be excluded from the case.    The officers had been looking for defendant to question him; they found him and another sitting in a parked automobile about 1:30 o'clock in the afternoon; one of the officers testified on direct examination:

"*A.*   We drove up and we had been looking for him for some time to question him about a hi-jack, and as we drove up alongside of his car, he started

squirming around as if going for something from his pocket and we think that he was reaching for a gun and we jumped out of the car and walked over to the side, and he continued reaching for the back, and I threw my gun and covered him and told him not to draw it, and took him out of the car and placed him under arrest and searched him and took that gun out of the back of his trousers. He stuck it down in the back of his trousers.

"*Q.* That is, this revolver pistol marked 'S. & W., D. A. 45'?

"*A.* Yes, sir."

On cross-examination, this officer testified:

"*Q.* You had no reason to believe that he was violating any law, Mr. DeLisle?

"*A.* I had reason to believe that he had a gun; yes, sir."

This testimony not only sustains the ruling, but also signifies that the officer would have been foolhardy had he pursued any other course than the one taken.

The order will be affirmed.

FEAD, C. J., and NORTH, WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.