PEOPLE v. LEWIS.

1. Arrest—Criminal Law—Probable Cause.

Arrest and search of defendant, an occupant of speeding car, driven without proper display of rear light, overtaken after dark on city street by officers in cruiser, *held*, proper, where officers observed conduct of defendant which led them reasonably to believe that a felony was being, or was about to be, committed in their presence.

2. Same—Evidence.

Evidence that defendant, an occupant of speeding car driven in violation of law, was fumbling in coat pocket with right hand as car was being overtaken and after it had been stopped by officers in cruiser *held*, to afford reasonable ground to believe felony was being, or was about to be, committed in their presence, justifying arrest and search of defendant's person.

3. CRIMINAL LAW—ARREST—MOTION TO SUPPRESS EVIDENCE—PROB-
ABLE CAUSE.
> Motion to suppress evidence found upon defendant, charged with
> carrying concealed weapons, when he was arrested and searched
> was properly denied where record shows arresting officers had
> probable cause to believe felony was being, or about to be,
> committed in their presence which justified arrest and search
> of defendant (Act No. 328, § 227, Pub. Acts 1931).

Appeal from Recorder's Court of Detroit; Stein (Christopher E.), J. Submitted October 11, 1934. (Docket No. 127, Calendar No. 37,951.) Decided December 10, 1934.

Tell L. Lewis was convicted of unlawfully carrying a concealed weapon. Affirmed.

*J. Leon Katz,* for appellant.

*Patrick H. O'Brien,* Attorney General, *Harry S. Toy,* Prosecuting Attorney, and *George W. Schudlich* and *Edmund E. Shepherd,* Assistants Prosecuting Attorney, for the people.

BUTZEL, J. Tell L. Lewis was convicted of carrying a concealed weapon contrary to the provisions of section 227 of the Michigan Penal Code (Act No. 328, Pub. Acts 1931). After dark on February 14, 1934, Detroit police officers in a Lincoln cruiser noticed a car passing at a high rate of speed, without properly displaying a rear light. They overtook the car within a distance of two blocks and stopped it at the curb. It was occupied by respondent and one Jackson, who was driving. When they halted the car the officers saw respondent fumbling in his coat pocket with his right hand, one of the officers stating that he was fumbling with both hands. Respondent thereupon was placed under arrest and searched, and a 380 Colt automatic pistol was found in his pocket. It is conceded that respondent had no per-

mit to carry the weapon. His attorney, however, claims that the case is ruled by *People* v. *Stein,* 265 Mich. 610 (92 A. L. R. 481), and that the weapon should therefore not have been admitted in evidence, and that the respondent should have been discharged. The people claim that the rule laid down in *People* v. *Stein, supra,* owing to a material difference in the facts, is not controlling in the instant case, and, further, that there was sufficient testimony, to which no objection was made, to support the judgment of conviction, without the introduction of the weapon in evidence.

In *People* v. *Stein, supra,* it was held by the majority opinion that the facts did not justify a search and seizure without a warrant, that there was no showing that the car was going at an unlawful rate of speed, although it was being driven rapidly, and the officers had no reason to stop the car, beyond the fact that as they drew abreast of it a movement was made by Stein as if he were trying to hide or push something toward the rear of the seat. In the instant case, however, the car was being driven after dark without a rear light, in violation of the provisions of section 499 of the Penal Code (Act No. 328, Pub. Acts 1931). In thus stopping the car for an infraction of the law, the officers were acting not only within their rights, but in the performance of a clear and manifest duty. If, then, after lawfully calling the driver to halt, they detected conduct on the part of the respondent, an occupant of the car, which led them reasonably to believe that a felony was being, or was about to be, committed in their presence, they had a right to arrest respondent and search his person. *People* v. *Licavoli,* 245 Mich. 202. In that case the officers had been looking for defendant for some time for the purpose of questioning him, and as they drove alongside his car he

started squirming around as though he were trying to reach for a gun. They thereupon arrested him and searched his person and found the weapon in the back of his trousers. One of the officers testified that he had reason to believe that the law was being violated. The court in holding that the testimony sustained the ruling of the trial court denying defendant's motion to suppress the evidence, stated "that the officer would have been foolhardy had he pursued any other course than the one taken." The instant case is similar in many respects. As the officers drove alongside of the car in which respondent was riding, and ordered the driver to stop, they witnessed respondent fumbling in his right hand coat pocket. At the preliminary examination, the arresting officer testified as follows:

"Mr. Lewis and another man by the name of Ben Jackson had passed us in a car at a high rate of speed and had no tail light. We chased them from Milwaukee and Beaubien to Oakland and Milwaukee and pulled them into the curb and Mr. Lewis looked as though he tried to pull something out of his pocket and we put him under arrest and I searched his person and found a 380 Colt automatic in his right coat pocket."

During the trial the same officer testified:

"Then at the time that we stopped this car I saw this passenger fumble with his coat pocket as though he was trying to get something out of it."

Another officer testified:

"When I ordered him to stop, the man on the right side of the car, he went for his pocket with both hands; went for his pocket like that. We jumped out very quickly and placed him under arrest."

A third officer testified that as they stopped the car, one of the officers cried out:

"Look out there. The man on the other side is fumbling with his pocket."

Respondent makes much of the fact that the arresting officer admitted that he could not see the respondent's hand, but this would be only natural, inasmuch as respondent was fumbling in his pocket. Under the facts, we believe that the arresting officers had reasonable ground to believe that a felony was being, or was about to be committed in their presence, and they were justified in arresting respondent and searching his person. We further believe, as stated in *People* v. *Licavoli, supra,* that they would have been foolhardy had they pursued any other course than the one taken. It is unnecessary to discuss other questions raised by appellee.

The judgment of conviction was proper and it is affirmed.

NELSON SHARPE, C. J., and POTTER, NORTH, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred with BUTZEL, J.

FEAD, J. *(concurring).* I concur in affirmance. There is a clear line of distinction between this case and *People* v. *Stein,* 265 Mich. 610 (92 A. L. R. 481). In the *Stein Case* the officers stopped the car and made the arrest and search on suspicion alone, based upon an act of Stein done without knowledge that the officers were approaching and, therefore, containing no hint of menace nor evidence of concealment of criminal goods from them. It was such an act as an innocent person would be likely to do. In view of the presumption that people are law-abiding until the contrary appears, the circum-

stances, as they were related by the officers, disclosed ground for nothing more than a very remote suspicion that the act was not innocent. Constitutional rights cannot rest upon so insecure a foundation as what has been spoken of as an officer's "hunch."

Here, the officers had not only the right but had the duty to stop the car because of the obscured license plate and want of tail light. They could have arrested the driver and searched the car, *People* v. *Davis*, 247 Mich. 536; but, of course, could not have searched the person of defendant, a passenger. However, when the officers appeared and defendant knew they were taking some sort of action against the car and its occupants, he began to fumble in his coat pocket. The act could have been entirely innocent but was hardly to be expected of a passenger. His continuing to fumble after the car had been stopped and the officers were gathered about it was so much a departure from ordinarily expected conduct of an innocent person that it justified the officers in construing it as a possible threat or an attempt to dispose of a criminal weapon. To one officer it appeared so plainly a threat that he called out a warning to the others. The officers did not need to wait until defendant had drawn a gun and begun to shoot before they made up their minds that something was wrong. *People* v. *Licavoli*, 245 Mich. 202. I think defendant's conduct, after he knew the officers were interested in the car, afforded reasonable grounds for belief by them that he was unlawfully armed and a just fear that prompt arrest was necessary to prevent the commission of a greater felony.

POTTER, NORTH, and WIEST, JJ., concurred with FEAD, J.