PEOPLE *v.* SCHAUB.

SEARCHES AND SEIZURES—WARRANT—AUTOMOBILES—EQUALLY DIVIDED COURT.

Order denying motion to suppress evidence obtained by police officers without a search warrant from automobile parked in a dark place on a city street after midnight after they had seen two men in the car and heard something drop is affirmed by an equally divided court (U. S. Const., am. 4; Mich. Const. 1908, art. 2, § 10).

Appeal from Recorder's Court of the City of Detroit. Skillman (W. McKay), J. Submitted December 1, 1936. (Calendar No. 39,273.) Decided April 28, 1937. Rehearing denied June 7, 1937.

Marvin Schaub and Harold Schaub were charged with possessing burglar tools for a felonious purpose. From order denying motion to suppress evidence, defendants appeal. Affirmed by an equally divided court.

*Samuel H. Rubin,* for appellants.

*David H. Crowley,* Attorney General, *Edmund E. Shepherd* and *Joseph Zwerdling,* Assistants Attorney General, *Duncan C. McCrea,* Prosecuting Attorney, and *William L. Brunner,* Assistant Prosecuting Attorney, for the people.

BUSHNELL, J. In *People v. Lewis,* 269 Mich. 382, in approving of the search of an automobile and the seizure of concealed weapons therein without a warrant, we held "that the arresting officers had reasonable ground to believe that a felony was being, or about to be committed in their presence," etc.

In the present case the circumstances were such as to justify the arrest, search and seizure. It was after midnight when the officers saw two men in a car parked in a dark place on the street. It is a matter of common knowledge that thieves who steal cars or strip them of tires and accessories lie in wait in dark places, where they cannot be observed, for opportunities to commit crimes and then make a quick "get away" after the crime has been committed. When the officers walked over to the car, they heard something drop. The men were told to get out and when questioned admitted that they resided a long distance from where the car was parked. After the men had alighted, the officers saw a pinch bar, also called a tire bar, together with a mallet lying on the floor of the car. The officers could see what was lying on the floor without entering the vehicle.

"It surely cannot be the law that an officer charged with the duty of detecting crime may not use his eyesight in doing so unless aided by a search warrant." *People* v. *Kamhout,* 227 Mich. 172, 184.

The men were then taken to the police station and when the car was more carefully examined, blackjacks and a tool called "an old man," a well-known burglar tool used to open safes, were found hidden behind a panel board.

Section 10, article 2, Constitution (1908) of Michigan, then read:

"The person, houses, papers and possessions of every person shall be secure from unreasonable searches and seizures. No warrant to search any place or to seize any person or things shall issue without describing them, nor without probable cause, supported by oath or affirmation."

This section, like the fourth amendment to the Federal Constitution, does not denounce all searches

and seizures, but only such as are unreasonable. See *Carroll* v. *United States,* 267 U. S. 132 (45 Sup. Ct. 280, 39 A. L. R. 790).

The statute, Act No. 328, § 116, Pub. Acts 1931, makes it illegal for one to possess burglarious instruments with intent to use them unlawfully. We said in *People* v. *Case,* 220 Mich. 379, 388 (27 A. L. R. 686):

"The question whether a seizure or a search is unreasonable in the language of the Constitution is a judicial and not a legislative question; but in determining whether a seizure is or is not unreasonable, all of the circumstances under which it was made must be looked into."

The court also observed in *People* v. *Case, supra,* that modern automobiles furnish "for successful commission of crime, a disguising means of silent approach and swift escape. * * * While a possession in the sense of private ownership, they are but a vehicle constructed for travel and transportation on highways. Their active use is not in homes nor on private premises, the privacy of which the law especially guards from search and seizure without process. The baffling extent to which they are successfully utilized to facilitate commission of crime of all degrees, from those against morality, chastity and decency to robbery, rape, burglary and murder is a matter of common knowledge. Upon that problem a condition and not a theory confronts proper administration of our criminal laws. Whether search of and seizure from an automobile upon a highway or other public place without a search warrant is unreasonable is in its final analysis to be determined as a judicial question in view of all the circumstances under which it is made."

In *People* v. *Cardella,* 233 Mich. 505, the police officers, acting without a warrant for either arrest or search, investigated an unlighted parked car in an alley about 2:00 a. m. As one of the officers "came up to the rear of the car and turned his flashlight upon it, he saw lying on its floor in the rear most of the burglar tools which defendants were convicted of having unlawfully in their possession." The arrest was made and the search followed. Defendants moved to quash the information and asked to be discharged from custody claiming the evidence against them had been obtained by an unlawful search and seizure. The motion was denied and we affirmed the conviction.

In the instant case, while the evidence, other than the sound of a falling object, an automobile clock, was not perceived by the officers until after the occupants had alighted from the car, nevertheless, as we said in *People* v. *Kamhout, supra:*

" 'Peace officers may lawfully arrest thugs and burglars, when their actions are such as to reasonably lead the officers to believe that they are actually engaged in a criminal act, without giving the criminals time and opportunity to escape while the officers go away to make application for a warrant.' *Lambert* v. *United States* (C. C. A.), 282 Fed. 413, 417."

To paraphrase the concurring opinion in *People* v. *Lewis, supra,* I think the acts of the defendants, after they knew the officers were interested in the car, afforded reasonable belief by the officers that the occupants were either illegally armed or were attempting to conceal criminal goods. This would justify the officers in making a prompt arrest and search in order "to prevent the commission of a greater felony."

The burglar tools, etc., are admissible in evidence against defendants; their motion to suppress was and should have been denied. The order of the lower court is affirmed with costs.

BUTZEL, POTTER, and CHANDLER, JJ., concurred with BUSHNELL, J.

WIEST, J. (*for reversal*). About the midnight hour of a September night defendants were sitting in their parked automobile in front of 4751 Canton avenue in the city of Detroit. Two police officers wondered what they were doing, walked over to the curb, heard something fall, asked defendants to get out, searched the car and found therein a mallet and a pinch bar on the floor and a flashlight with a little hole bored underneath so as to "throw the light—the size of your finger;" placed the defendants under arrest, drove the car to the police station and there, upon further search, found underneath the front right panel of the car a tool called " 'an old man,' used to pull the combination off of safes, also two blackjacks and two drift pins." Complaint was thereupon made charging defendants with possessing burglar tools for felonious purposes. At the examination defendants' motion to suppress the evidence, so obtained without a search warrant or reasonable grounds preceding the arrest, was denied and a like motion, when arraigned in the recorders' court, was also denied, and the question is here by appeal.

In support of the motion to suppress the mentioned evidence, counsel for defendants cites our holdings in *People* v. *Marxhausen,* 204 Mich. 559 (3 A. L. R. 1505); *People* v. *De La Mater,* 213 Mich. 167; *People* v. *Le Vasseur,* 213 Mich. 177; *People* v. *Woodward,* 215 Mich. 267; *People* v. *Margelis,* 217

Mich. 423; *People* v. *Foreman,* 218 Mich. 591, and *People* v. *Stein,* 265 Mich. 610 (92 A. L. R. 481).

The attorney general and prosecuting attorney state in their brief: "In pursuing the cases cited by appellants in this cause we agree that the cases that counsel for the appellants submits for the perusal of this court in his brief do substantially uphold the contention that he makes relative to the law applicable to search and seizure as of the time that those cases were heard and the opinions rendered. We believe, however, that the trend of opinion and the trend of the courts in general have been away from the decisions cited by counsel," and invoke the dissenting opinion in *People* v. *Stein, supra,* and set it forth at length in their brief.

Members of the court are familiar with the majority as well as the minority opinion in that case and, as usual, the majority opinion controls.

The fourth amendment to the Constitution of the United States and article 2, § 10, of the Constitution of this State, at the time of the search and seizure, were identical in protection and restraints.

In addition to what has been repeatedly said by this court on the subject we direct attention to *Jones* v. *Securities & Exchange Commission,* 298 U. S. 1 (56 Sup. Ct. 654), where it was said:

"The philosophy that constitutional limitations and legal restraints upon official action may be brushed aside upon the plea that good, perchance, may follow, finds no countenance in the American system of government. An investigation not based upon specified grounds is quite as objectionable as a search warrant not based upon specific statements of fact. Such an investigation, or such a search, is unlawful in its inception and cannot be made lawful

by what it may bring, or by what it actually succeeds in bringing, to light.''

In *Byars* v. *United States,* 273 U. S. 28 (47 Sup. Ct. 248), the accused was convicted for unlawfully having in his possession, with fraudulent intent, certain counterfeit strip stamps, of the kind used upon whisky, bottled in bond. The stamps were admitted in evidence over the objection of petitioner that they had been obtained by an unlawful search and seizure. A timely motion, previously made by the petitioner, to return or impound the stamps was overruled. The judgment was affirmed by the circuit court of appeals, (*Byars* v. *United States*) 4 Fed. (2d) 507. It appears that the State officer had a search warrant issued upon information stating: ''that affiant 'has good reason to believe and does believe the defendant has in his possession' such intoxicating liquors, instruments and materials,'' used in the manufacturing of such liquors. Upon search nothing called for by the warrant was found but in the course of the search the State officer, accompanied by a Federal officer, found and seized the counterfeit stamps.

We quote the following from the opinion of the court:

''The fourth amendment was adopted in view of long misuse of power in the matter of searches and seizures both in England and the colonies; and the assurance against any revival of it, so carefully embodied in the fundamental law, is not to be impaired by judicial sanction of equivocal methods, which, regarded superficially, may seem to escape the challenge of illegality but which, in reality, strike at the substance of the constitutional right.''

The amendment to article 2, § 10, of the State Constitution, operative December 3, 1936, has no retroactive operation and cannot be considered.

The court was in error in not granting the motion, and the case is remanded to the court below with direction to suppress the mentioned evidence and for further proceedings not inconsistent with this opinion.

SHARPE, J., concurred with WIEST, J.

FEAD, C. J. (*concurring in reversal*). I concur with Mr. Justice WIEST because of failure of proof of a legal search. The officer was in the proper discharge of his duty in investigating defendants' presence in a car parked in the dark late at night. But we are bound by the record as to what he found and did. In the testing of constitutional rights, we cannot assume matters not proven.

It was the testimony of the officer that he made the arrest and search on mere and indefinite suspicion, not directed to any offense, and he made no claim that he believed or thought defendants were engaged in a criminal act. If the circumstances did not induce such belief in the officer, the arrest and search were clearly illegal under all the authorities. If they did, he should have so stated and told why.

NORTH, J., concurred with FEAD, C. J.