## STATE v. CHARLES GRUNEWALD.[1]

October 10, 1941.

No. 32,799.

[1] Reported in 300 N. W. 206.

*Harold C. Bellew* and *Mark J. McCabe,* for appellant.

*J. A. A. Burnquist,* Attorney General, *M. Tedd Evans,* Assistant Attorney General, *Charles E. Houston,* Special Assistant Attorney General, *Ed J. Goff,* County Attorney, and *Per M. Larson,* Assistant County Attorney, for the State.

LORING, JUSTICE.

The defendant, a police officer of the city of Minneapolis, was convicted of the crime of willful neglect of official duty in failing to arrest the keepers of a certain house of ill fame. He now appeals to this court from an order denying his motion for a new trial.

The facts in this case are essentially the same as the facts in State v. Palmersten, 210 Minn. 476, 299 N. W. 669, and there is no need to restate them here.

The questions presented are: (1) Is the evidence sufficient to sustain the conviction; and (2) did the trial court err in refusing to charge as defendant requested?

■ After careful consideration of the record, we are of the opinion that there was abundant evidence to sustain the verdict.

■ The defendant asked for three separate instructions, all pertaining to the "duty" of the defendant. In the first, the defendant asked the court to charge that the defendant would not have been justified in arresting the keepers of the house of ill fame here involved without—

"having reasonable cause for believing that such felony had in fact been committed and being in possession of competent evidence to prove commission of the same."

The third request contained the statement that the defendant would not have been justified in breaking into the house of ill fame and arresting the persons found there—

"without having reasonable grounds to believe that a felony had in fact been committed in such premises and being in possession of competent evidence for proving the commission of such felony."

The statute defining an officer's power to arrest, Mason St. 1927, § 10570(3), requires only that an officer arresting when a felony has been committed, as was the case here, have "reasonable cause for believing the person arrested to have committed it." What is "reasonable cause for believing" must be determined in view of the particular facts of each case, see People v. Overton, 293 Mich. 44, 47, 291 N. W. 216, but we are of the opinion that the requests to charge requiring possession of competent evidence to convict would have been more favorable to him than the defendant was entitled to. He was bound to act if he had reasonable cause to believe that the persons described in the indictment had committed the felony there alleged. *Cf.* State ex rel. Jeffrey v. Tessmer, 211 Minn. 55, 300 N. W. 7, and People v. Licavoli, 245 Mich. 202, 222 N. W. 102, for cases construing similar statutes. Thus the first and third requests misstated the law, and the court was justified in refusing them. State v. Schueller, 120 Minn. 26, 138 N. W. 937.

■ The defendant's second request was for the court to read to the jury Mason St. 1927, §§ 10567 and 10570, relating to an officer's power to make arrests. This request was also denied. Reading these sections in their entirety might, as the trial court apparently thought, have been somewhat confusing to the jury, since they covered situations some of which were not here involved. We would have been better satisfied had the trial court in response to this request instructed the jury as to the officer's power and authority; but in view of the fact that in summarizing the charges made in the indictment the trial court defined the offense with which the defendant was charged and stated that he was alleged

to have knowledge of the commission of the felony by certain keepers of a house of ill fame and had reasonable cause to believe that the two women named were such offenders, and that he willfully refrained from arresting them, we think that the jury must have had clearly in mind the elements of the offense with which the defendant was charged and that a failure to read these statutes or to charge more particularly as to defendant's duty was not prejudicial to the defendant.

In People v. Glennon, 37 Misc. 1, 74 N. Y. S. 794, relied upon by defendant, the offense of keeping a house of ill fame was only a misdemeanor. People v. Glennon, 175 N. Y. 45, 55, 67 N. E. 125. There the defendant was entitled to different instructions than those given in the instant case, where that offense constituted a felony.

Order affirmed.

[1]Reported in 300 N. W. 201.