PEOPLE *v.* BIAGINI.

1. SEARCHES AND SEIZURES—AUTOMOBILES.

Evidence that a certain car had been used by burglars and safe crackers, and that one of defendants used it before transferring to another car and putting in some tools from a third car shortly before apprehension by police justified police in stopping defendants for investigation, arresting them after flight, and searching the car which defendants then occupied.

2. WEAPONS—CARRYING CONCEALED WEAPONS—CORPUS DELICTI—EVIDENCE.

Testimony regarding tools found in car occupied by defendants and those thrown therefrom established *corpus delicti* in prosecution for illegal possession of burglar's tools and carrying concealed weapons.

3. SAME—CORPUS DELICTI—MOTION FOR DIRECTED VERDICT.

In prosecution for illegal possession of burglar's tools and carrying concealed weapons, where *corpus delicti* was properly established, denial of motion for directed verdict at close of people's case was correct.

4. SAME—CORPUS DELICTI—ADMISSIONS—EVIDENCE.

In prosecution for illegal possession of burglar's tools and carrying concealed weapons, after *corpus delicti* had been

established by direct evidence, testimony by police officer on redirect examination that appellant had admitted shortly before trial that he and his associates were about to rob a safe on the night they were arrested was properly received.

5. SAME—ILLEGAL POSSESSION—CARRYING CONCEALED WEAPONS—GREAT WEIGHT OF EVIDENCE.
   Conviction of illegal possession of burglar's tools and carrying concealed weapons *held,* not against great weight of evidence.

Appeal from Recorder's Court for the City of Detroit; Murphy (George), J. Submitted May 2, 1942. (Docket No. 90, Calendar No. 41,911.) Decided October 5, 1942.

Hugo Biagini was convicted of having illegal possession of burglar's tools and of carrying concealed weapons. Affirmed.

*Edward N. Barnard,* for defendant.

*Herbert J. Rushton,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *William E. Dowling,* Prosecuting Attorney, and *Charles W. Jones* and *Henrietta E. Rosenthal,* Assistant Prosecuting Attorneys, for the people.

BUSHNELL, J. Defendants, Carl Rogers, William I. Smith, and Hugo Biagini, were charged with illegal possession of burglar's tools and carrying concealed weapons. They waived trial by jury and, after their case was heard in part, Smith withdrew his plea of not guilty and entered a plea of guilty. Rogers and Biagini were found guilty on both counts and sentenced to imprisonment. After the entry of an order denying a new trial, Biagini was granted leave to appeal.

He urges that his motion for a directed verdict should have been granted; that the trial judge erred

in receiving testimony tending to show an admission of guilt on his part before proof of the *corpus delicti,* and that his conviction is against the great weight of the evidence.

The police officers who made the arrest were acting on information that an Olds sedan (1941), bearing license No. A Z–3342, was being used by burglars and safe crackers. This license had been issued to Bernice Davis, living at 2986 West Philadelphia in the city of Detroit. While the officers had this location under observation, defendant Rogers drove up in a car bearing this license number. He went into the house, stayed about 30 minutes, and drove away. The officers followed him to Biagini's home at 660 Hazelwood, and waited about 30 minutes. Rogers came out accompanied by two men who walked over to a Plymouth sedan parked nearby, opened the trunk and took out a bag of tools, out of which was sticking a crowbar. This bag was thrown into the back of a LaSalle sedan, and the three men got into this car. They drove west on Hazelwood, south on Third, east on Gladstone, and north on Second, when the police officers pulled alongside, told the men who they were, and ordered them to stop. Instead of obeying the officers' command the LaSalle turned into Hazelwood, and the officers fired two shots. About the middle of the block, between Second and Third, someone threw the bag of tools out of the car, and after three more shots were fired the LaSalle crashed into a parked car and the three men were apprehended. Biagini had been shot in the back and Rogers in the head. A search of the LaSalle disclosed two sledge hammers, three drift pins and a crowbar in the back of the car. The bag which had been thrown out of the car contained two loaded pistols, one wrecking bar, one crowbar, three chisels, one pair of plyers, one

pair of snips, a flashlight, three pairs of gloves, a bar of soap, and a roll of electric wire.

The testimony shows that Biagini, who had been in the used-car business from 1936 to March, 1941, had known Smith since he sold him a used LaSalle car in November of 1940. Biagini and Smith had driven to Port Huron on the day of the arrest, May 24, 1941, in Smith's car after transferring the bag of tools from Smith's car to Biagini's car. Sometime prior to the arrest several Detroit Edison branch offices had been broken into and the safes cracked; and about three weeks previous to the arrest the manager of an Edison branch office reported that a man came into his office, looked it over, asked a lot of questions, walked outside in the rear of the branch office and looked at the windows. He later got into a car bearing the license number of the one the police followed from the Philadelphia address to Biagini's home on the night of the arrest.

These facts justified the officers in stopping the three men for investigation and arresting them after their flight. The arrest was lawful and the search legal. *People* v. *Schaub,* 279 Mich. 457.

The testimony regarding the tools found in the car occupied by defendants and those in the bag that was thrown from the car established the *corpus delicti. People* v. *Paton,* 284 Mich. 427.

The trial judge was correct in denying Biagini's motion for a directed verdict at the close of the people's case.

On redirect examination one of the officers testified that Biagini said, when he was examined at police headquarters on October 4, 1941, four days before the trial, that "they were going out of town to pull a safe job that night we arrested them." All of the elements of the *corpus delicti* had been established by direct evidence before this "admis-

sion'' testimony was offered. The court did not err in receiving testimony as to the admission. *People* v. *Porter*, 269 Mich. 284.

The conviction of Biagini was not contrary to the great weight of the evidence.

The judgment is affirmed.

CHANDLER, C. J., and BOYLES, NORTH, STARR, WIEST, BUTZEL, and SHARPE, JJ., concurred.