## SIKES *v.* THE STATE.

1. The burden is upon the State; and when it relies upon circumstantial evidence to convict a defendant, the proved facts must not only be consistent with the hypothesis of guilt, but inconsistent with the hypothesis of innocence.

2. The converse is not true.    Where, therefore, the defendant relies on circumstantial evidence, it is error to charge that the proved facts must not only be consistent with innocence, but inconsistent with guilt.

Argued June 20,—Decided July 12, 1904.

Conviction of manslaughter.    Before Judge Daley.    Tattnall superior court.    May 14, 1904.

*Twiggs & Oliver* and *W. T. Burkhalter*, for plaintiff in error.
*B. T. Rawlings, solicitor-general,* and *J. K. Hines,* contra.

LAMAR, J.    The State offered no eye-witness of the alleged homicide of Kennedy by Sikes, but proved statements made to the arresting officer in the presence of the accused by eye-witnesses, and claimed that his silence and acquiescence amounted to an admission of the truth of what was said.    In addition to the defend-

ant's contention that he repudiated this statement, he claimed that the course of the bullet from the mouth through the top of the head, its lodgment in the ceiling immediately over where he was standing, the length of the gun, the position in which it was alleged to have been held, and all of the physical facts were circumstances which showed that the homicide was the result of an accident. Having advanced this theory, which he claimed was supported by circumstantial evidence, the court made a charge on that subject, which is the only error we find in the record. As we understand, his honor charged the converse of the rule laid down for those cases in which the State relies on circumstantial evidence ; he instructed the jury that if the defendant sought to make out his defense by circumstantial evidence, the proved facts must not only be consistent with innocence, but inconsistent with guilt.

In all cases the burden is upon the State. It is only half carried when it establishes an hypothesis of guilt but leaves also an hypothesis of innocence. Which of the two shall the jury take ? If both theories are consistent with the proved facts, the very uncertainty as to which is correct requires that the jury should give the benefit of the doubt to the defendant. But when the tables are turned, and the defendant relies on circumstantial evidence, he is not obliged to remove the doubt. It is sufficient if he create a reasonable doubt. He is not obliged to prove his innocence, but may rely on the failure of the State to establish his guilt. Hence, if the defendant relies on circumstantial evidence to establish his innocence, and the proved facts establish an hypothesis consistent with his innocence and sufficient to create a reasonable doubt of his guilt, this is sufficient, and it is not necessary that he should go further in his proof and exclude every possible idea of his guilt. Penal Code, §§ 984, 990.

*Judgment reversed.     All the Justices concur.*