STATE v. TOM COLCORD AND OTHERS.[1]

March 18, 1927.

No. 25,941.

**When it is not error not to charge as to weight of circumstantial evidence in criminal case.**

1. In a criminal case where the evidence of guilt is both direct and circumstantial, it is not error, in the absence of a request for such an instruction, not to charge specially concerning the weight of circumstantial evidence.

**Evidence of possession of burglars' tools admissible.**

2. Defendants, accused of bank robbery in Minnesota, were apprehended about two months later in Louisiana. When arrested they had three guns, ammunition, nitroglycerin, dynamite caps, fuse, and other articles. Evidence of the stuff so in their possession was properly admitted.

**Separation of jury during trial discretionary with trial court.**

3. It is discretionary with the trial court to permit the jury to separate during the trial and pending the final submission of the case to them.

**Punishment by life imprisonment neither cruel nor unusual.**

4. A statute making bank robbery or any attempt thereat punishable by life imprisonment does not violate any constitutional guaranty. The punishment is not prohibited as cruel or unusual.

Criminal Law, 16 C. J. p. 61 n. 12; p. 553 n. 68, 69; p. 1009 n. 6; p. 1059 n. 39, 40; p. 1075 n. 19; p. 1351 n. 49, 53; p. 1355 n. 28.
Robbery, 34 Cyc. p. 1807 n. 68.

See note in 15 A. L. R. 1049; 8 R. C. L. 225-227; 4 R. C. L. Supp. 539; 5 R. C. L. Supp. 457; 6 R. C. L. Supp. 494.
See note in 59 L. R. A. 466; 8 L. R. A. (N. S.) 762; 34 L. R. A. (N. S.) 58; L. R. A. 1915B, 834; L. R. A. 1916E, 715; 8 R. C. L. 197; 4 R. C. L. Supp. 534; 6 R. C. L. Supp. 493.

Defendants were convicted in the district court for Anoka county of the violation of G. S. 1923, § 10106. They appealed from an

[1]Reported in 212 N. W. 894.

order, Giddings, J., denying their motion for a new trial. Affirmed.

*Henry Funkley*, for appellants.

*Clifford L. Hilton*, Attorney General, *James E. Markham*, Deputy Attorney General, *John P. Coleman*, County Attorney, and *Will A. Blanchard*, for the state.

STONE, J.

The defendants were convicted, under G. S. 1923, § 10106, of the crime of entering the Anoka National Bank for the purpose of a robbery which secured a loot of $11,500. The appeal is from the order denying the joint and several motion of defendants for a new trial.

The crime was committed on the morning of December 8, 1925. February 13, 1926, the defendants were arrested at Shreveport, Louisiana. The identification of them by eye witnesses is sufficient alone to make their guilt a question of fact. There is much in the record which corroborates that evidence. The testimony for the defense strengthens rather than weakens the case for the state. A fourth man participated in the robbery, but the next morning these three defendants were at Bemidji, something like 200 miles from Anoka over good automobile highways. The explanation of their presence and stay there puts the matter in a very questionable light. Defendants Colcord and Anderson did not take the witness stand. Salmey did, and his testimony on the whole could well have been, to the jury, more suggestive of guilt than innocence. His effort was to establish an alibi for all three. If he is to be believed at all, the defendants traveled together from sometime before the robbery until their arrest. During that time they covered a large portion of the country by automobile without having any credible explanation of their mission at any point of their journey. When arrested at Shreveport, they had a Buick touring car. An open car of that make had been used by the robbers in their getaway. The explanation of Colcord was that they were contractors who had recently finished their work in the South and were on their way home to Illinois—all obviously untrue. They had in their possession a shot-

gun and shells, a 45 automatic, and a revolver of the same caliber. They had also a sledge hammer, two chisels, a bottle of nitroglycerin, and a supply of dynamite caps and fuse. They also had two bolts of ladies' dress goods, 810 men's shirts and jackets, several pairs of new shoes, and a dozen or so neckties. The pistol and revolver, both loaded, were taken from the persons of Salmey and Anderson. No claim is made that the evidence does not warrant the verdict, the appeal being based wholly upon alleged errors of law.[1]

1. The case for the state by no means rests upon circumstantial evidence alone. No instruction was asked concerning the weight of that kind of evidence. In the absence of such a request and with direct evidence of guilt, it was not error to omit such a charge. See 16 C. J. 1008, and annotation, 15 A. L. R. 1049, 1053.

2. Neither was it error to admit evidence of the circumstances of the arrest, including the stuff in the possession of defendants. The incidental effect may have been to arouse suspicion that one or more of them had recently been guilty of other crimes, particularly of larceny or burglary, but that circumstance did not make the evidence inadmissible. The whole situation of defendants at the time was properly brought within the field of judicial inquiry. The evidence for the state indicated that they were together at the time of the robbery and that they had then used weapons of the very kind found in their possession in Louisiana. They were traveling together and in a Buick touring car. Their possession of the dress goods and men's furnishings, by itself, might have been inadmissible, but that is just a part of the picture. Their possession of the guns, ammunition, fuse and nitroglycerin was so inconsistent with innocence and so consistent with burglarious disposition as to be plainly relevant. That defendants were not caught with any of the goods of the Anoka robbery, that is money, does not make incompetent proof of what they did have. The field of inquiry is not limited by any such indefensibly narrow limits. If there had been originally any question as to the admissibility of this evidence,

[1]See correction, page 508, infra.

and we hold there was not, it would have been rendered competent rebuttal by Salmey's testimony for the defense. The equipment of defendants when they were arrested is persuasive of the falsity of much of his story.

3. Defendants cannot now complain that the jury was allowed to separate during the trial and pending the final submission of the case to them. Even in capital cases, that is a discretionary matter. State v. Williams, 96 Minn. 351, 105 N. W. 265. Needless to say, this is not a capital case nor can we have such a case in this state so long as the death penalty is abolished even for murder in the first degree. The fact that the punishment is now the severest known to our law, imprisonment for life, does not alter the case.

4. The statute in question puts bank robbery and attempts thereat in a class by themselves. The purpose was to meet the situation resulting from the increasing prevalence of bank robberies. The statute recognizes the obvious fact that, so far as purpose is concerned, the unsuccessful attempt is as vicious as complete success. In either case the perpetrator is armed and ready to take human life indiscriminately if the emergency calls for it in order to accomplish his purpose and make his getaway. So the attempt was put upon the same footing as the accomplished crime, a new classification resulted and a new and more severe punishment, imprisonment for life, imposed. There is nothing in the proposition that such action transgressed constitutional limitations. What shall be crime and what its punishment are, within constitutional limits, matters of legislative concern. State v. Shevlin-Carpenter Co. 99 Minn. 158, 108 N. W. 935, 9 Ann. Cas. 634; State v. Harris, 134 Minn. 35, 158 N. W. 829; State v. Moilen, 140 Minn. 112, 167 N. W. 345, 1 A. L. R. 331. It is no objection to the law that bank robbery is singled out for a punishment more severe than the offense would call for if directed against some other institution. State v. Elliott, 135 Minn. 89, 160 N. W. 204. Capital punishment for train robbery was sustained in State v. Stubblefield, 157 Mo. 360, 58 S. W. 337.

The argument that imprisonment for life is cruel and unusual is equally without merit. Death by shooting is not, Wilkerson v. Utah, 99 U. S. 130, 25 L. ed. 345; nor by hanging, In re Kemmler,

136 U. S. 436, 10 Sup. Ct. 930, 34 L. ed. 519. Such treatment of some of the most dangerous of society's enemies does not "shock public sentiment and violate the judgment of reasonable people" within the rule of such cases as State v. Becker, 3 S. D. 29, 51 N. W. 1018. Bank robbers are deliberate and ordinarily experienced criminals. They were particularly so in this case. They are perfectly willing to take human life wholesale if the emergency they themselves create requires it. So there is nothing cruel or unusual in the disposition of society to retire them permanently from human circulation.

Order affirmed.

## ON PETITION FOR REHEARING.

On April 8, 1927, the following opinion was filed:

PER CURIAM.

The opinion states that "no claim is made that the evidence does not warrant the verdict."[1] That statement is erroneous to the extent that both by assignment of error and some argument the sufficiency of the evidence was questioned. However, our consideration of the record led us to the view that there was no reasonable basis for that position. The opinion, in justice to counsel for appellants, should stand corrected accordingly. With this comment, the petition for rehearing is denied.

[1]See page 506, supra.