## STATE v. CLARENCE EATON.[1]

April 22, 1927.

No. 25,707.

**Statute imposing a life sentence for the crime mentioned is constitutional.**

1. The statute imposing a life sentence for the crime of entering a bank, in which there is at the time a human being, with intent to commit a felony by threats, force or violence, is constitutional, following State v. Colcord, 170 Minn. 504.

**Evidence of witnesses justified.**

2. There was evidence that the defendant and one Salmey, a defendant convicted in the Colcord case, were on a street near a bank before it was robbed, and came out of it together. This justified evidence of witnesses in the bank at the time of the robbery that Salmey was there, although they did not identify the defendant. And what was said by any of those engaged in the robbery during the progress of it was competent.

**Charge to jury.**

3. The charge did not suggest that the defendant could be convicted of a crime other than that charged in the indictment.

**New trial unnecessary.**

4. There was no misconduct of counsel requiring a new trial.

**Conviction for bank robbery sustained.**

5. The evidence sustains the conviction.

Criminal Law, 16 C. J. p. 573 n. 36; p. 575 n. 62; p. 1053 n. 93; p. 1353 n. 96; p. 1355 n. 28; 17 C. J. p. 250 n. 9; p. 297 n. 20.
Robbery, 34 Cyc. p. 1807 n. 68, 69; p. 1808 n. 78.

Defendant appealed from an order of the district court for Anoka county, Giddings, J., denying his motion for a new trial. Affirmed.

[1]Reported in 213 N. W. 735.

*Nash & Nichols* and *Leeds H. Cutter*, for appellant.

*Clifford L. Hilton*, Attorney General, *James E. Markham*, Deputy Attorney General, *John P. Coleman*, County Attorney, and *Will A. Blanchard*, for the state.

DIBELL, J.

The defendant was convicted of the crime defined by G. S. 1923, § 10106. He appeals from the order denying his motion for a new trial.

1. The statute provides, in substance, that any person who, with intent to commit a felony therein by means of threats, force or violence, enters a room where a banking business is being carried on, in which there is at the time a human being, shall be guilty of a felony and punished by imprisonment for life in the state's prison. The statute was held constitutional in State v. Colcord, 170 Minn. 504, 212 N. W. 894. The decision is followed.

2. The Anoka National Bank was robbed on December 8, 1925. There is evidence that four persons acting in concert participated. Some of the witnesses were permitted to say what was said and done by others than defendant at the time, and to identify one Salmey who was convicted in the Colcord case, though they did not identify the defendant. There was evidence that immediately before the robbery, on a street near the bank, Salmey and the defendant were together, and that they came out of the bank together. This evidence justified proof that Salmey was in the bank whether or not the witness identified the defendant. And what was said by any of those engaged in the joint enterprise was on familiar principles competent.

3. The court instructed the jury that the transportation of intoxicating liquor was a crime. No objection was made to the statement nor is objection now made. There was evidence that the defendant was engaged in such transportation. At the close of the trial counsel for the defendant in the presence of the jury asked the court to charge that the transportation of liquor was not the offense for which he was on trial, and the court in response said: "I think the jury fully understand that." The response of the court could not

have been understood by the jury other than as an affirmation of the defendant's request. There was no suggestion that the defendant could be convicted of the unlawful transportation of liquor.

4. Misconduct of counsel for the state is claimed in propounding questions as to the character of the keeper of a restaurant in St. Paul to which the defendant resorted and in which he claimed to be about the time of the robbery. We do not know why they were asked. Objections to them were sustained. There were only two or three and the incident was not featured. A claim of misconduct which should result in a new trial does not survive the adverse holding of the trial court.

5. The brief does not discuss the sufficiency of the evidence to sustain the verdict. However we have examined it. The identity of the defendant was sufficiently proved. The state produced direct evidence. His alibi was not such as to destroy the identification. The fact of identity was the only real question.

Order affirmed.