## STATE v. OSCAR JOHNSON.[1]

February 10, 1928.

No. 26,567.

**Evidence sufficient that crime was committed at night.**

1. The evidence sustains the charge that the larceny was committed in the nighttime.

**Circumstantial evidence sufficient to sustain verdict.**

2. The circumstantial evidence in the record is sufficient to sustain the verdict under the rule that all the circumstances proved must be consistent with the hypothesis that the accused is guilty, and inconsistent with any rational hypothesis except that of his guilt.

**Not reversible error because evidence of another crime was received and then stricken out.**

3. Receiving evidence of another crime, which would have been competent if the defendant's connection therewith could have been established, and which was stricken out and the jury instructed to disregard it upon failure of the state sufficiently to connect the defendant therewith, *held* not reversible error upon the record here presented.

Criminal Law, 17 C. J. p. 325 n. 72.
Larceny, 36 C. J. p. 899 n. 34; p. 905 n. 44.

See note in 43 L.R.A.(N.S.) 776; 22 A. L. R. 1019; 8 R. C. L. 198; 2 R. C. L. Supp. 573; 4 R. C. L. Supp. 534; 5 R. C. L. Supp. 454; 6 R. C. L. Supp. 492.

[1]Reported in 217 N. W. 683.

Defendant. appealed from an order of the district court for Chisago county, Stolberg, J. denying his motion for a new trial. Affirmed.

*R. E. Plankerton* and *Charles B. Elliott,* for appellant.

*Albert F. Pratt,* Attorney General, *James E. Markham,* Deputy Attorney General, and *S. Bernhard Wennerberg,* County Attorney, for the state.

OLSEN, C.

Defendant .was convicted of grand larceny and appeals from an order denying his motion for a new trial.

1. There is undisputed evidence that some 60 bushels of potatoes owned by one Shoberg were stolen from his root cellar on or about the date stated in the information; and, while the evidence does not show the exact hour of the theft, it is amply sufficient to justify the jury in finding that the potatoes were taken in the nighttime.

2. The evidence to show that defendant was the person who committed the larceny is circumstantial only. It shows his familiarity with the premises; his knowledge of the presence of the potatoes; his business of dealing in potatoes and farm products by driving with a truck out into the country and purchasing such products from farmers in that vicinity and reselling to dealers in Minneapolis; his several trips into this neighborhood shortly before this, once in the nighttime; the kind of truck and the kind of tires thereon used by him; the identification of the tracks of the truck on the morning the potatoes were found missing; the sale by defendant of potatoes, answering the description of those stolen, a few days after the theft, and the identification of the potatoes sold as being part of those stolen.

Defendant presented his own testimony, denying the theft and stating that he was not out of Minneapolis any time during the night the potatoes were stolen but in his room there, and his truck in a garage, and that the potatoes sold by him a few days later had been purchased by him from certain farmers in Washington county, whom he named. He also presented the testimony of one Jackson, who testified that he lodged with defendant that night and that de-

fendant was in his room in Minneapolis from 11:30 p. m. until six o'clock the next morning; also the testimony of one Schwindeman, the night man at the garage where defendant kept his truck when not in use. Schwindeman testified that an account book was kept with customers whose cars were stored, that it was the practice to make a notation in this book when any car was not in the garage over night, and that there was no notation of .defendant's truck not being there on the night in question. The credibility of these witnesses and the weight of their testimony was for the jury. Jackson's testimony is based on his recollection of dates; Schwindeman's testimony is as to no notation in the book. It is not shown that any notation was made when a car was taken out in the daytime or for part of a night. Presumably if the car were taken out, say at one o'clock in the morning, it would not be noted as absent from storage that night. Defendant, so far as appears, made no effort to produce as witnesses the farmers from whom he stated he had purchased the potatoes sold by him.

The primary rule of evidence in a criminal case is that, in order to convict the accused, the jury must be satisfied beyond a reasonable doubt of his guilt; and the test is whether or not there is evidence sufficient to justify the jury in finding him guilty beyond reasonable doubt. Various secondary rules relating to circumstantial evidence have been stated by the courts. Perhaps the most generally used rule is that all the circumstances proved must be consistent with the hypothesis that the accused is guilty and inconsistent with any rational hypothesis except that of his guilt. State v. Johnson, 37 Minn. 493, 35 N. W. 373. By the term "circumstances proved" is not meant every circumstance as to which there may be some testimony in the case, but only such circumstances as the jury finds proved by the evidence. There may well be in any case testimony on behalf of the defendant as to inconsistent facts and circumstances, not conclusively proved, and which the jury may have a right to and do reject as not proved. Followed to its logical conclusion, the secondary rule stated reverts back to the reasonable doubt rule. For, if any one or more circumstances found proved

are inconsistent with guilt, or consistent with innocence, then a reasonable doubt as to guilt arises.

Tested by the rules stated, the evidence here is sufficient to sustain the conviction. State v. O'Hagan, 124 Minn. 58, 144 N. W. 410; State v. Ryan, 137 Minn. 78, 162 N. W. 893; State v. Green, 153 Minn. 127, 189 N. W. 711; State v. Burnstein, 158 Minn. 122, 196 N. W. 936; State v. Goldman, 166 Minn. 292, 207 N. W. 627.

3. The state attempted to prove that the defendant had committed another larceny in the same way, by use of the same truck, in the same neighborhood and shortly prior to the time here charged. Had the state succeeded in so doing, this evidence would have been competent. State v. Peterson, 98 Minn. 210, 108 N. W. 6; State v. Gesell, 137 Minn. 43, 162 N. W. 683; State v. Monroe, 142 Minn. 394, 172 N. W. 313; State v. Ettenberg, 145 Minn. 39, 176 N. W. 171; State v. Clark, 155 Minn. 117, 192 N. W. 737; State v. Upson, 162 Minn. 9, 201 N. W. 913; State v. McGraw, 163 Minn. 154, 203 N. W. 771; State v. Lipman, 163 Minn. 431, 204 N. W. 163; State v. Huber, 171 Minn. 429, 214 N. W. 270. The state failed sufficiently to identify and connect defendant with such other larceny, and thereupon the court struck out the evidence relating thereto and instructed the jury to disregard it. Nothing to the contrary appearing, it may be presumed that the jury followed the direction of the court and disregarded the evidence stricken out. Upon the record here presented no prejudicial error is found. State v. Watzek, 158 Minn. 351, 197 N. W. 669.

Order affirmed.