STATE v. ABRAHAM KASTER.[1]

No. 32,802.

October 24, 1941.

*D. S. Lane,* for appellant.

*J. A. A. Burnquist,* Attorney General, *Hayes Dansingburg,* Assistant Attorney General, and *David L. Grannis, Jr.,* County Attorney, for the State.

STONE, JUSTICE.

Convicted of arson in the third degree, defendant appeals from the order denying his motion for a new trial.

For many years defendant has been a resident of South St. Paul, modestly engaged in general merchandising. In March of 1940, he owned and occupied a store building facing busy Concord street. The front entrance was flanked by large plate-glass windows. The upper half of the door itself was mostly glass. So anybody pass-

[1]Reported in 300 N. W. 897.

ing in the nighttime would be likely to see a blaze in the storeroom.

About two-thirds of the way toward the rear, the storeroom was divided by a transverse partition. Its front carried shelving for the storage and display of merchandise. Neither shelving nor partition reached the floor. Except for supports spaced at regular intervals, there was an open space several inches in height between the bottom of the partition and the floor.

About 8:30 on the evening in question, fire was discovered in the merchandise stored on the shelving. It furnished abundant and quick fuel in that there were many cartons of matches which were consumed. They were not safety matches.

A "quick stop" was made by firemen. They entered the building from front and rear. On entering, they perceived nothing in the way of odor to indicate that kerosene or other petroleum product had been burned. But one of them discovered under the shelving a burlap sack, along with some paper, which the state would have us believe had been purposely folded in with the burlap sacking as kindling. One fireman detected the odor of kerosene on this sacking. There is no suggestion that it was present elsewhere. A chemical analysis of the burlap later disclosed the presence of a relatively minute quantity of what may have been kerosene.

There is no evidence that before the fire defendant had kerosene in his possession. There is evidence that in his provision business he usually had on the premises varying numbers of burlap bags and that it was quite normal for some of them to be discarded because of the odor of kerosene or other oil.

The basement of the store was used for storage purposes. A photograph in evidence indicates that it was no model of either order or cleanliness. There is no evidence one way or the other as to the presence of rats or mice in or about the store.

Returning momentarily to the burlap bag, which is stressed as the main evidence of guilt, it is significant that it was not destroyed and was found some distance, two or three feet, away from

the point where, in the bottom of the partition, the fire had been hottest. Reason does not permit the conclusion that the fire was started in the burlap bag.

There is evidence that defendant's merchandise was overinsured, but the excess of insurance over value was not large. There is no convincing evidence that the building was overinsured. Save for this one blaze, defendant has a clean "fire record." The evidence is wholly circumstantial and plainly does not carry the quantity of persuasion needed to sustain the verdict. Circumstantial evidence will not sustain conviction of a crime unless the sum of reasonable inference therefrom is "consistent with the hypothesis that the accused is guilty and inconsistent with any rational hypothesis except that of his guilt." That proposition is founded upon the presumption of innocence and its demand that guilt be proved beyond a reasonable doubt. "If any one or more circumstances found proved are inconsistent with guilt, or consistent with innocence, then a reasonable doubt as to guilt arises." State v. Johnson, 173 Minn. 543, 545, 217 N. W. 683, 684; State v. Larson, 207 Minn. 515, 292 N. W. 107.

Not all the indicia of crime need be proved in all cases beyond a reasonable doubt. But conviction cannot be sustained without compliance with the reasonable doubt rule in respect to the *corpus delicti* and the criminal agency therein of the accused.

On both points and as matter of law, the evidence against defendant did not satisfy the reasonable doubt rule. It is just as reasonable to conclude that one of the all too numerous careless smokers was the inadvertent cause of the fire as it is to condemn defendant as an incendiary. It is reasonable to conclude that the fire was innocently started. It is as reasonable to suppose that the fire started in the shelved matches and from innocent cause as it is to think that there was guilty ignition elsewhere.

The order denying a new trial must be reversed. We do not hesitate to add that if the state has nothing new and persuasive

to offer in the way of evidence of guilt there should be a prompt end of the prosecution.

Order reversed.

UPON APPLICATION FOR REARGUMENT.

On December 4, 1941, the following opinion was filed:

STONE, JUSTICE.

The state's petition for rehearing is denied. In and of itself, it is quite a reargument and has been so considered.

It does require some correction of our statement of facts, which is now made. To state that the chemical analysis of the burlap sack "disclosed the presence of a relatively minute quantity of what may have been kerosene" is inaccurate. That analysis disclosed one-third of a fluid ounce (taken from one-fourth of the liquid content of the sack) of what may be assumed to have been kerosene. The expert evidence for the state is unequivocal that it was kerosene. For the defense there was testimony that it might have been furnace oil or something other than kerosene.

Only one of three firemen testified that while the fire was burning he detected any kerosene odor. The defense would discount this testimony in that some two months before the trial he had stated that he did not care to say that he knew exactly what odor he detected upon entering the building. But, when called as a witness, he had made up his mind "that it was kerosene" which he smelled.

We have stated that the sack was found "some distance, two or three feet," from the bottom of the partition where the fire had been hottest. It would have been more accurate to say, in summarizing testimony, that the bag was at least a foot and a half or two feet away from the hole in the partition.

The remains of the burlap sack are an exhibit which we have examined. Strange that if it had been purposely saturated with kerosene and had been ignited as kindling that it was not wholly consumed. It was far from destroyed. A relatively large part of its fabric remains untouched by actual burning.

With all these corrections of fact and upon reconsideration of the whole case, we are confirmed in the opinion that as matter of law the record does not justify the conclusion beyond reasonable doubt that defendant was guilty of arson.