## JOSEPH D. MURRAY v. STATE OF FLORIDA

18 So. (2nd) 782               June Term, 1944
July 11, 1944                       En Banc
Rehearing denied August 1, 1944

*J. F. Gordon,* and *Leonard G. Egert,* for appellant.

*J. Tom Watson,* Attorney General, *John C. Wynn,* Assistant Attorney General, and *Bourke Floyd,* Special Assistant Attorney General, for appellee.

CHAPMAN, J.:

The appellant, Joe Murray, was convicted in the Criminal Court of Record of Monroe County, Florida, for the violation of Chapter 21,974, Acts of 1943, Laws of Florida. The trial court sentenced the appellant to serve a period of ten years at hard labor in the State Prison. He perfected an appeal here. The information was filed on September 13, 1943, and alleged the commission of the crime on July 19, 1943, and the appellant was placed on trial on September 16, 1943, and the verdict of the jury was returned at 1:45 A. M., September 17, 1943. Between 1:30 and 2:00 o'clock A. M. September 17, 1943, the trial court in his sentence gave the appellant the maximum penalty provided by the Act.

The appellant was represented at the trial by J. Fritz Gordon, of the Miami bar, and William V. Albury and John G. Sawyer, of the Key West bar. The September Term of the

court opened September 13, 1943, when the information was filed, and on calling the case the Key West attorneys for the appellant consented that the trial be set for Thursday A. M., September 16, 1943. Chief counsel for Murray, Mr. Gordon, was not present on the calling of the case by the trial court on Wednesday morning, and associate counsel requested a re-setting of the case until 4:00 o'clock P.M. which was done. The appellant was arraigned during the interim and entered a plea of not guilty, and a jury was selected and sworn to try the cause. Mr. Gordon reached Key West about 4:00 P. M.

Counsel for appellant moved the court to quash the information for enumerated reasons and the county solicitor expressed a desire to amend the same if it was to the trial court agreeable. The proposed amendment of the information as suggested by counsel was by the trial court denied. Permission to withdraw the plea of not guilty previously entered and to file a motion to quash was denied. Mr. Gordon stated that he did not know the case by the trial court had been set for trial on Thursday, September 16, 1943. Associate Key West counsel admitted that they inadvertently failed to advise Mr. Gordon that the case was set for trial on September 16, 1943. The Court stated: "I have continued the trial and have tried to be fair, but it seems that the defense is frivolous and does not care to go to trial." Mr. Gordon: "Does your honor mean to say I am trying to be frivolous?" By the Court: "You had better sit down, Mr. Gordon, and we will start the trial. Call the witness."

The taking of testimony began around 4:00 o'clock P. M. September 16, 1943, and continued until around 8:00 o'clock, when a recess for an hour or an hour and a quarter was allowed, after which the taking of testimony was resumed and continued until after midnight of September 16, 1943. Argument of counsel was then heard, the trial court instructed the jury upon the law of the case, and upon the return of the verdict by the jury the appellant, between 1:00 and 2:00 o'clock A. M. was by the trial court sentenced to the State Prison for ten years. Motion for a new trial was made by counsel for appellant and denied by the trial court.

Appearing in the record is a suggestion of disqualification of the trial court because of alleged prejudice which it was contended militated against a fair and impartial trial. The suggestion of disqualification is in conformity with the provisions of Section 38.10 Fla. Stats. 1941 (F.S.A.) and the decisions of this Court thereunder. We have carefully considered the suggestion of disqualification, and affidavits in support thereof, and the order of the trial court overruling and denying the same. It appears from the record that when the suggestion of disqualification was presented by counsel on September 17, 1943, the trial court took the same under consideration and entered an order of denial on September 21, 1943.

The prosecution offered and interrogated as an important State witness James Earl Walker, a boy 9½ years of age. He was closely examined by the county solicitor and gave very damaging testimony against the appellant. This witness was being cross examined by appellant's counsel, when the trial court remarked:—"you are going over and over that too much, Mr. Gordon. I don't think you are trying to be disrespectful to the child, but you have made that point clear four or five times I can remember."

When a six year old girl was being examined as a witness for the State, Attorney Sawyer was talking to Attorney Albury and uttered a sound something like a laugh, and the following occurred: By Judge Caro: "You just shut up, Mr. Sawyer. I don't want that any more." By Mr. Sawyer: "Your Honor, I was just talking to Mr. Albury." By Judge Caro. "I saw what you did Mr. Sawyer, and you just sit right down. We are talking to this 6 year old child and she is half scared to death, and I don't want it to happen again."

The defendant offered evidence in support of an alibi when objections to the admissibility were made by the county solicitor. The objections were overruled—when the court said: "The jury may consider the testimony as given. You are instructed that the testimony must be *positive* to prove an alibi, however, we are going to let the testimony stand for what it is worth."

The record discloses the following:

"By the Court:—I am going to ask that you make your arguments to the jury as short as possible, as we would like to get finished with this case tonight, if possible. By that I don't mean you should not take sufficient time to argue your case. You should take all the time you actually need, but we want to finish as soon as possible.

"Note:—During his closing argument to the jury, County Solicitor Clare stated to the jury, 'Gentlemen, I take a solemn oath I believe this defendant is guilty, and I know that you gentlemen will agree with me that he is guilty of the offense charged.' Whereupon Mr. Gordon, Chief Defense Counsel, addressed the court as follows: "If the court please, I would be entitled at this time to ask for and receive a motion to have one of the jurors recalled from the box and declare a mistrial, but if the court will instruct the jury not to consider this statement of Mr. Clare, I will forego asking for my motion, but I respectfully request that this be made clear to the jury.

"By Mr. Clare:—'I retract that statement.'

"By the Court:—Gentlemen (of the jury) you are instructed to disregard the statement of Mr. Clare."

When the court was considering certain objections made by the county solicitor to the admissibility of evidence offered by the defendant to establish an alibi, the trial court overruled the objections and stated in the presence of the jury: "The jury may consider the testimony as given. You are instructed that the testimony must be *positive* to prove an alibi, however, we are going to let it stand for what it is worth." These instructions are not only contradictory but confusing and reasonably calculated to mislead the jury when considering weighing the evidence offered by the appellant to establish an alibi.

The instructions of the trial court to the jury on the law as to an alibi was in accordance with our holding in Blakes v. State, 133 Fla. 12, 182 So. 447. The charge as given is viz:

"In the case now before you the defendant has offered evidence to establish the defense of an alibi, that is, that he was elsewhere at the time the alleged crime with which

he is charged was committed, and therefore, he could not have committed it. When this defense is set up, it will be sufficient if the evidence offered to prove it raises in the minds of the jury a reasonable doubt, from all the circumstances of the case as testified before you, that the defendant was present when the alleged crime was committed and committed the crime. In such cases it will be your duty to acquit the defendant. The proof of an alibi must include and cover the entire time when the presence of the accused was required to commit the offense charged."

The failure of Mr. Gordon to appear at Key West at 10:00 o'clock, A. M., Thursday, September 16, 1943, and proceed with the trial according to the order of the court, no doubt, actuated the lower court in proceeding with the trial at 4:00 o'clock P. M., and concluding it after the midnight hour on September 17, 1943. The record reflects that Mr. Gordon had not been advised prior to the 16th that the case had been set for trial, and, when so advised, he immediately proceeded from Miami to Key West, a distance of about 163 miles.

We observe many rulings of the court during the progress of the trial of the cause that, when standing alone, may reasonably be free from reversible error. The withdrawal of the plea of not guilty and the filing of a motion to quash the information usually are matters addressed to the sound discretion of the trial court. The conduct of counsel during the progress of the trial is under the supervision and control of the trial court in the exercise of its discretion. Likewise, the time of holding court, hours consumed, night sessions, etc., are subject to regulation by the trial court. While it may not be reversible error and is a discretionary matter with a trial court to hear and dispose of an important criminal case from 4:00 o'clock P. M., until 2:00 A. M., the better practice apparently, would be otherwise.

It is doubtful if the instructions of the trial court to the jury to disregard the statement of the county solicitor to the jury by him made during the progress of the trial were efficacious. The statement is viz: "Gentlemen, I take a solemn oath I believe this defendant is guilty, and I know that you gentlemen will agree with me that he is guilty of

the offense charged." See Subsection (e) of Section 920.05, Fla. Stats. 1941 (F.S.A.) ; Adams v. State, 54 Fla. 1, 45 So. 494; Tyson v. State, 87 Fla. 392, 100 So. 254; Blanco v. State, 150 Fla. 98, 7 So. (2nd) 333.

The trial court correctly charged the jury upon the law applicable to an alibi as held by this court in Blakes v. State, *supra*. But during the progress of the trial and when considering and ruling upon objections to testimony offered by defendant in support of the defense of an alibi, the trial court instructed the jury: "You are instructed that the testimony must be positive to prove an alibi, however, we are going to let it stand for what it is worth." We are unable to reconcile these conflicting and confusing instructions and hold that the ruling is free from error. See Cochran v. State, 65 Fla. 91, 61 So. 187; Key West Electric Co. v. Albury, 91 Fla. 695, 109 So. 223.

The judgment appealed from is reversed and a new trial awarded.

BUFORD, C. J., BROWN and ADAMS, JJ., concur.

TERRELL, THOMAS and SEBRING, JJ., dissent.