STATE v. MELVIN S. WALTZ.[1]

August 15, 1952.

No. 35,564.

[1]Reported in 54 N. W. (2d) 791.

410

*John S. McGrath* and *Donald Chapman,* for appellant.

*J. A. A. Burnquist,* Attorney General, *James F. Lynch,* Ramsey County Attorney, and *Richard B. Ryan,* Assistant County Attorney, for the State.

MATSON, JUSTICE.

This is an appeal from the judgment of conviction of defendant for assault in the second degree.[2] The information charged that defendant made an assault on one Arthur F. Porter with a weapon (a knife) likely to produce grievous bodily harm and that defendant wounded Porter with the knife.

On July 29, 1950, about 1:25 a. m., Rita Mary Buhl and her friend Margaret M. Pickhartz met defendant at Seven Corners in St. Paul. Margaret was engaged to marry defendant. Shortly thereafter they met and fell into a conversation with Lawrence Everson, who had been visiting drinking places the same evening. The four of them went to Everson's home in his car. Everson left the other three at his home, saying that he had an arrangement to meet someone, and returned shortly thereafter with Arthur F. Porter and Violet E. Nelson.

The men drank some beer and some of the party sang. Before very long Everson allegedly made coarse advances toward Rita, though Everson denies this, and at this point Rita, Margaret, and defendant decided to leave. Witnesses testified that defendant

<hr>

[2]This case comes to the writer by reassignment.

asked Everson to drive them home but that Everson refused. A heated argument ensued.

Defendant and the two women left and went to the sidewalk beyond a fence in front of the Everson home. Everson came out into the yard on the other side of the fence—either right behind them or shortly afterward—and the argument relative to the request to drive them home continued. It was then between 2 and 2:30 in the morning. While the argument was going on, Porter came out as peacemaker.

*Porter testified* that he walked up close to defendant (but with the fence between them) and *that defendant struck him in the shoulder with a knife.* Everson testified that Porter said to him that defendant had a knife but that he, Everson, saw only a shiny object in defendant's hand and that he did not know what it was. Porter was cut in the upper arm.

It was denied that defendant struck Porter with a knife and defendant attempted to show (1) that he had no knife and (2) that Porter was cut by a piece of glass.

As to the question of whether defendant had a knife, Margaret testified that when Everson was talking with the group at Seven Corners defendant jokingly said that he did not have enough money to buy food at a restaurant, whereupon she, Margaret (also in jest), proceeded to search him. She said that she found no knife. Rita corroborated this testimony. Margaret said that Everson was present at the time of the search, but Everson testified that no search took place in his presence. Margaret also testified that defendant was wearing a jeweled ring on his finger, the inference being that this was the shiny object which Everson saw.

On the question of whether Porter was cut by a piece of glass, Everson testified that when Porter told him that defendant had a knife he, Everson, ran into the house and got a beer bottle which he threw at defendant. He said that the bottle did not hit defendant but flew across the street and broke against the curb. Margaret and Rita, on the other hand, testified that the beer bottle hit the fence and broke, and Margaret said that there was glass by the

fence. The defense urges that it was this glass which cut Porter.

A police officer testified, however, that he searched for glass shortly afterward and that he did not find any glass anywhere along the fence, but that he did find glass, apparently from a beer bottle, in the yard and gutter across the street.

The testimony of two doctors who examined Porter after he was hurt is in conflict. Dr. William P. Mulvaney, the police surgeon, testified that he could not be sure that Porter was the man brought in, but that a man about his age was brought in. He said that the man had a wound just a little above his left elbow; that it was a jagged laceration about one-half a centimeter in extent, a V-shaped laceration; and that he believed it was caused by glass rather than by a knife. A police officer, on the other hand, testified that Dr. Mulvaney said that the wound could have been caused by either a knife or glass. Dr. John Howard Allen, an intern at Ancker hospital who treated Porter, said that the wound was in the upper part of the left arm; that it was about three-quarters of an inch long, approximately one inch deep, cleanly incised, and not jagged; that there was no evidence of any foreign matter in the wound; and that, while he could not state exactly what type of instrument had produced the wound, it must have been at least one inch long, three-quarters of an inch wide or less, and quite sharp.

At the close of all of the evidence, the trial court gave some instructions to the jury relative to the law of circumstantial evidence and refused to give other instructions as requested by defendant. The jury found defendant guilty.

The issues on appeal are three:

(1) Does the evidence sustain the verdict?

(2) Did the trial court err in refusing to instruct the jury on the law of circumstantial evidence as requested by defendant?

(3) Did the trial court err in the instructions which it gave relative to circumstantial evidence?

■ The evidence is in conflict. Where, however, the evidence is competent and sufficient to sustain a conviction beyond a reasonable doubt, it is for the jury to judge the credibility of the witnesses,

to find the facts, and draw inferences in the light of all the evidence, and its verdict must stand.[3] The evidence in the case at bar is sufficient to sustain the jury's verdict as to defendant's guilt.

Defendant requested the court to instruct the jury on circumstantial evidence as follows:

"You are instructed that the State in this case is relying upon what is known as circumstantial evidence * * *."

Where there is both direct and circumstantial evidence, it is not error, in the absence of a request, to omit jury instructions as to circumstantial evidence. State v. Colcord, 170 Minn. 504, 212 N. W. 894. And, see, Annotation, 89 A. L. R. 1379. Likewise, where there is both direct and circumstantial evidence, a request for an instruction which is incorrect as applied to the facts of the case may properly be denied. State v. Bailey, 235 Minn. 204, 50 N. W. (2d) 272.

In the case at bar, the proposed instruction states that the prosecution's case was based on circumstantial evidence. *The record shows that the prosecution's case was based on the direct testimony of Porter that defendant committed the crime charged,* although there was corroborative inculpatory circumstantial evidence. This being so, the requested instruction was properly denied. See, People v. Lapara, 181 Cal. 66, 70, 183 P. 545, 546-547.

The trial court in its instructions to the jury directed the jury *to consider all the circumstances surrounding and connected with the case.* The following paragraph, however, was also included:

"During the course of your examination as prospective jurors, you were questioned by counsel regarding the rule of circumstantial evidence * *. *. The Court is giving you no instruction regarding circumstantial evidence, because *all of the evidence upon which the State relies* in this case is direct evidence, and circumstantial evidence is not involved. * * * Therefore, *you will dismiss from your mind any consideration regarding the law of circumstantial evidence * * *."* (Italics supplied.)

[3]State v. Gavle, 234 Minn. 186, 48 N. W. (2d) 44; State v. Schabert, 222 Minn. 261, 24 N. W. (2d) 846; see, State v. Ward, 225 Minn. 208, 30 N. W. (2d) 349.

It is defendant's contention that this instruction was prejudicial, because the *defense* was based on circumstantial evidence and the trial court told the jury to disregard the law of circumstantial evidence. This contention is erroneous, because (1) the trial court's instruction taken as a whole specifically directed the jury to take into consideration all the circumstances surrounding and connected with the case; (2) the trial court made it clear in directing the jury to disregard the law of circumstantial evidence that it had reference only to inculpatory evidence; and (3) instructions for the evaluation of circumstantial evidence in a criminal case by their very nature and purpose are applicable only to inculpatory evidence.

It is to be noted that the trial court in giving its instructions above quoted carefully pointed out that no instruction as to circumstantial evidence was being given, because all the evidence *on which the state relied* was *direct* evidence. This made it clear to the jury that the trial court, in directing that no consideration be given to the law of circumstantial evidence, referred only to evidence on which the prosecution relied for conviction. Furthermore, in charging the jury to disregard the *law* of circumstantial evidence, the court did *not* order the jury to give no consideration to circumstantial evidence. In fact, the court did the very opposite when in a subsequent portion of its charge it specifically ordered the jury in arriving at its conclusions to take into consideration *"all the circumstances surrounding and connected with the case, as disclosed by the evidence."* (Italics supplied.) It is elementary that a charge to a jury must be construed as a whole.

Moreover, the law of circumstantial evidence, as used in the jury charge, has no application to exculpatory evidence. This becomes clear when we consider (1) the purpose of instructions on the law of circumstantial evidence; (2) the difference between inculpatory and exculpatory evidence; and (3) the distinction between the prosecution's burden of proof and defendant's status of presumed innocence.

The state has the burden of proof throughout the trial. The burden of proof requires that the state prove that defendant is guilty beyond a reasonable doubt, and an instruction embodying this requirement must be given to the jury. Where the state is relying on circumstantial evidence for a conviction, then the defendant is entitled to an instruction with respect to the law thereof, the guiding rule being that—

"Circumstantial evidence will not sustain conviction of a crime unless the sum of reasonable inference therefrom is 'consistent with the hypothesis that the accused is guilty and inconsistent with any rational hypothesis except that of his guilt.' That proposition is founded upon the presumption of innocence and its demand that guilt be proved beyond a reasonable doubt. 'If any one or more circumstances found proved are inconsistent with guilt, or consistent with innocence, then a reasonable doubt as to guilt arises.' "[4]

Stated another way, where proof of a crime rests on circumstantial evidence, the "circumstances *proved*" must be of such a conclusive nature as to exclude to a moral certainty every rational hypothesis except that of guilt. By the term "circumstances proved" is not meant every circumstance as to which there may be some testimony in the case, but only such circumstances as the jury finds proved by the evidence.[5]

Instructions as to the law of circumstantial evidence, therefore, are given to guide the jury in evaluating the inculpatory circumstantial evidence *insofar as it appears in a case for the purpose of establishing the guilt of the accused.* Such instructions, which place restrictions upon the jury's use of inculpatory circumstantial

[4]State v. Kaster, 211 Minn. 119, 121, 300 N. W. 897, 899, and cases cited therein.

[5]State v. Gorman, 219 Minn. 162, 17 N. W. (2d) 42; State v. Kaster, 211 Minn. 119, 300 N. W. 897; State v. Johnson, 173 Minn. 543, 217 N. W. 683; 2 Dunnell, Dig. § 3234. There may well be in any case testimony on behalf of defendant as to inconsistent facts and circumstances not conclusively proved and which the jury may have a right to and does reject as not proved.

evidence, *are given to protect the accused* by confining the jury, in arriving at a verdict of guilt, to a reliance only upon such facts and circumstances as form a complete chain which, in the light of the evidence as a whole, leads so directly to the guilt of the accused as to exclude, beyond a reasonable doubt, any reasonable inference other than that of guilt.[6] The need for protective restrictions upon the use of inculpatory circumstantial evidence is elementary. For example, where circumstantial evidence consists in reasoning from a minor fact or series of minor facts to establish a principal fact, the process is fatally vicious if the circumstances, from which an attempt is made to deduce a conclusion of guilt, depends upon speculation and conjecture.[7]

An entirely different situation exists, however, with respect to circumstantial evidence *received to exculpate the accused—i. e.,* to fortify his legal status of presumed innocence—by explaining or rebutting the evidence which the prosecution relies upon for conviction. Unlike the prosecution, the accused has no burden of proof, but enjoys a presumption of innocence. Section 611.02 provides:

"Every defendant in a criminal action is presumed innocent until the contrary is proved and, in case of a reasonable doubt, is entitled to acquittal; * * *."

As already noted, this presumption of innocence remains with defendant throughout the trial,[8] and he is entitled to an instruction to the jury embodying the presumption.[9] Defendant is not required to prove exculpatory facts beyond a reasonable doubt nor even by a preponderance of the evidence. It is enough if such exculpatory

[6]See, State v. Larson, 207 Minn. 515, 292 N. W. 107; State v. DeZeler, 230 Minn. 39, 41 N. W. (2d) 313, 15 A. L. R. (2d) 1137.

[7]See, 2 Wharton, Criminal Evidence (11 ed.) § 779, p. 1342; Burrill, Circumstantial Evidence, pp. 508 to 580.

[8]Any fact, however, which is in issue, that is, which is in dispute between the parties, and which either side has the burden of proving, may be established by circumstantial evidence as well as by direct evidence. See, Hill v. N. P. Ry. Co. 210 Minn. 190, 297 N. W. 627.

[9]1 Reid's Branson, Instructions to Juries (3 ed.) § 70.

facts are sufficiently established to create a reasonable doubt as to his guilt.[10] All circumstances which in any way explain incriminating matters in evidence are relevant for exculpatory purposes and, *wholly free of the limitations imposed by the restrictive instructions governing the use of inculpatory evidence*, must be considered by the jury in determining whether the accused is guilty beyond a reasonable doubt.[11] Any rule to the contrary, instead of protecting the accused in the maintenance of his presumed position of innocence, would be likely to impair his unquestioned right to have the jury take into consideration all the surrounding circumstances. The error of applying the converse of the circumstantial-evidence rule is illustrated by the homicide case of Sikes v. State, 120 Ga. 494, 48 S. E. 153, wherein the court said:

"* * * In addition to the defendant's contention that he repudiated this statement [indicative of guilt], he claimed that the course of the bullet from the mouth through the top of the head, its lodgment in the ceiling immediately over where he was standing, the length of the gun, the position in which it was alleged to have been held, and all of the physical facts were circumstances which showed that the homicide was the result of an accident. Having advanced this theory, which he claimed was supported by circumstantial evidence, the court made a charge on that subject, which is the only error we find in the record. As we understand, *his honor charged the converse of the rule laid down for those cases in which the State relies on circumstantial evidence;* he instructed the jury that if the defendant sought to make out his defense by circumstantial evidence, the proved facts must not only be consistent with innocence, but inconsistent with guilt.

"In all cases the burden is upon the State. It is only half carried when it establishes an hypothesis of guilt but leaves also an hypothesis of innocence. Which of the two shall the jury take? If both theories are consistent with the proved facts, the very uncertainty as to which is correct requires that the jury should give the benefit

---

[10]See, Wills, Circumstantial Evidence, p. 272*m*.

[11]See, 1 Wharton, Criminal Evidence (11 ed.) § 309.

of the doubt to the defendant. *But when the tables are turned, and the defendant relies on circumstantial evidence, he is not obliged to remove the doubt. It is sufficient if he create a reasonable doubt. He is not obliged to prove his innocence, but may rely on the failure of the State to establish his guilt.* Hence, if the defendant relies on circumstantial evidence to establish his innocence, and the proved facts establish an hypothesis consistent with his innocence and sufficient to create a reasonable doubt of his guilt, this is sufficient, and it is not necessary that he should go further in his proof and exclude every possible idea of his guilt." (Italics supplied.)

There was no error in the trial court's instructions, when read as a whole, to justify a reversal, and the judgment of conviction should be affirmed.

Affirmed.

LORING, CHIEF JUSTICE (dissenting).

I agree with the majority that the record discloses sufficient evidence to support a conviction and that, if the record also disclosed a fair trial, there should be an affirmance; but, as I view the record, there was error prejudicial to defendant, who, even though he may have been guilty, was nevertheless entitled to a fair trial. That would be true even if the evidence against him were conclusive, which it is not. Even against conclusive evidence of guilt, the jury, under our constitution, has the power to acquit.

Not only do I think that there is reversible error in the record, but, in my opinion, the majority opinion announces an erroneous rule of law with reference to exculpatory circumstantial evidence offered by defendant. The cases which they cite do not support their statement of the law. The majority opinion states as a principle of law that "instructions for the evaluation of circumstantial evidence in a criminal case by their very nature and purpose are applicable only to inculpatory evidence." It also states that "the law of circumstantial evidence, as used in the jury charge, has no application to exculpatory evidence." It is true that there is a

difference between the measure of the effect to be given circumstances introduced by defendant for exculpatory purposes and the rule given to juries with reference to inculpatory circumstances. In the latter case, such evidence, to be persuasive, must be inconsistent with innocence. In the case of exculpatory evidence, if it is believed by the jury, it need not lead to a necessary inference of innocence; but, if it weakens the force of the evidence for the prosecution sufficiently to arouse a reasonable doubt in the minds of the jurors as to defendant's guilt, there should be an acquittal. When, as in the case as bar, circumstantial evidence was introduced by both prosecution and defense, the jury should be told how to weigh its effect. All the argument to the effect that the presumption of innocence sufficiently protects the accused is without merit, because the jury is entitled to know that exculpatory circumstantial evidence should, if believed by them, require an acquittal if it arouses a reasonable doubt, and that the jury should not disregard it, as they were instructed to do in this case.

In the case at bar, there was the following inculpatory evidence introduced by the state: (1) Direct testimony by the injured party that defendant committed the crime; (2) circumstantial evidence (testimony by a doctor) that the wound was of a type to be caused by a knife; and (3) circumstantial evidence (testimony by a police officer) that there was no broken glass in the immediate vicinity where the injury happened. The defense introduced the following: (1) Circumstantial evidence tending to show that defendant did not have a knife; (2) circumstantial evidence to show that what was mistaken for a knife in his hand was really only a ring he was wearing; (3) circumstantial evidence tending to show that the injury was caused by broken glass from a thrown beer bottle; and (4) circumstantial evidence (testimony by a doctor) that the wound was one caused by broken glass.

Nevertheless, the court instructed the jury:

"During the course of your examination as prospective jurors, you were questioned by counsel regarding the rule of circumstantial evidence and the rule of law concerning self-defense or the defense

of another. The Court is giving you no instruction regarding circumstantial evidence, because all of the evidence upon which the State relies in this case is direct evidence, and circumstantial evidence is not involved. You are given no instruction regarding the law of self-defense, as no claim of self-defense is made by the defendant, it being his claim simply that he did not commit an assault upon the person of Mr. Porter. In other words, *this is not a case where an assault is admitted, and the defendant seeks to justify such an assault by a claim of defense of his own person or the person of another. Therefore, you will dismiss from your mind any consideration regarding the law of circumstantial evidence and the law of self-defense or the defense of another.*" (Italics supplied.)

It is quite obvious that in the last two sentences the court was referring to exculpatory circumstantial evidence introduced by defendant. Otherwise, why would he couple the statement with regard to such evidence with the statement with regard to self-defense or the defense of another?

It was a plain misstatement when the court said that "all of the evidence upon which the State relies in this case is direct evidence, and circumstantial evidence is not involved." The record discloses that the prosecution's case did include circumstantial evidence. When Dr. Allen testified that the wound was "cleanly incised, not jagged" and that the instrument causing it "must have been at least one inch long, three quarters of an inch wide or less, and quite sharp," this was circumstantial evidence from which the jury was expected to be persuaded that a knife caused the wound. Similarly, when the police officer testified that he did not find any glass anywhere along the fence, but that he did find glass—apparently from a beer bottle—in the yard and gutter across the street, this was circumstantial evidence from which the jury were expected to be persuaded that the wound could not have been caused by the broken bottle.

The statement in the majority opinion that "the trial court gave some instructions to the jury relative to the law of circumstantial

evidence" is obviously based on the court's instruction to take into consideration "all the circumstances surrounding and connected with the case." Here, the majority has again lifted a statement out of its context. This statement was not made by the court in connection with any instruction with regard to circumstantial evidence, but was made in connection with its charge as to the weight to be given the testimony of witnesses, which was as follows:

"* * * However, you have a right to and should take into consideration in arriving at your conclusion as to which party should prevail in this case, the demeanor and appearance of the several witnesses on the stand, their manner and conduct on the witness stand, their apparent candor, frankness and intelligence, or lack of any of those qualities, their opportunity or lack of opportunity, as disclosed by the evidence, of knowing the things to which they have testified, their temper, feeling, bias or prejudice, if any has been shown, their interest or lack of interest in the outcome of the proceeding, *together with all the circumstances surrounding and connected with the case, as disclosed by the evidence.* Nothing, however, but such matters as I have indicated may be considered by you, and no outside comment or suggestion should be allowed to in any way influence your determination of the facts, and, as I have indicated, sympathy must not in any way enter into your consideration of the question to be determined by you." (Italics supplied.)

Even if this charge to "take into consideration" "all the circumstances" was given independently of the subject matter then under consideration, it is wholly insufficient to advise the jury as to the measure of the effect of circumstantial evidence, whether exculpatory or inculpatory; and, even if it were to be given the effect attributed to it by the majority, it was in direct conflict with the charge to disregard the law of circumstantial evidence. Consequently, it was confusing to the jury to the prejudice of defendant.

"There is a violation of the principle against misleading instructions where the court gives contradictory instructions on a material

issue. The instructions must be consistent and harmonious. The fact that one instruction is correct does not cure the error in giving another that is inconsistent with it.

\* \* \* \* \*

"\* \* \* The defendant is entitled to instructions that are free from contradictions, and that are clear, succinct, and unambiguous." 1 Reid's Branson, Instructions to Juries (3 ed.) § 104, pp. 283, 286; accord, Murray v. State, 154 Fla. 683, 18 So. (2d) 782.

It is true that the rule as to the weight and effect to be given to circumstantial evidence is a subordinate rule to that which requires a conviction beyond a reasonable doubt; but it is a very important rule to be given the jury where, as here, circumstantial evidence was introduced on both sides. If the statement about "all the circumstances" be given the comprehensive effect of an instruction on circumstantial evidence which the majority gives it, then the court itself opened up the problem of circumstantial evidence; consequently, it should have correctly expounded the rules with reference to both inculpatory and exculpatory evidence of that character. Instead of that, the jury were told to dismiss from their minds "any consideration regarding the law of circumstantial evidence." That instruction could not be otherwise interpreted by the jury than that they were to reject the circumstantial evidence on both sides.

The very cases cited by the majority in support of the doctrine that in criminal cases the rules with reference to circumstantial evidence do not apply to exculpatory circumstances state to the contrary that evidence of exculpatory circumstances, if believed by the jury, is sufficient to justify an acquittal if such evidence arouses doubt as to defendant's guilt. In Sikes v. State, 120 Ga. 494, 495, 48 S. E. 153, cited by the majority, the court said:

"\* \* \* Hence, if the defendant relies on circumstantial evidence to establish his innocence, and the proved facts establish an hypothesis consistent with his innocence and sufficient to create a reasonable doubt of his guilt, this is sufficient, \* \* \*."

I believe this case to be clear authority that the rules of circumstantial evidence are applicable to exculpatory evidence. As the Georgia court said, we must not require of exculpatory evidence that all inferences drawn from such evidence be consistent only with innocence. It is sufficient if such evidence raises a reasonable doubt of guilt. The quoted rule is, in my opinion, the sound and logical rule and should be established as the law in this state. It is just ordinary common sense. Burrill, Circumstantial Evidence, p. 520. In Smith v. Nebraska, 61 Neb. 296, 303, 85 N. W. 49, 51, the court said:

"* * * It is quite true that it is only necessary that, under all the evidence, the jury should entertain a reasonable doubt of the defendant's guilt, and the truth of the matter claimed by him as a defense need not further be determined. But in the truth or falsity of the claim made by him is also involved the truth of the charge made by the state, and any fact or circumstance connected with the substantive defense interposed is properly to be considered by the jury in determining the weight and credit which should be given to the testimony in support of the theory and hypothesis sought by the defendant to be impressed upon them for the purpose of raising a doubt as to the truth of the charge of the crime imputed to him."

The majority state that the converse of the circumstantial-evidence rule would prejudice defendant; therefore, that the rule should not be applied to exculpatory evidence. I agree with the majority and the Georgia court that the converse of the rule should not be applied. The correct rule, whether pertaining to exculpatory or inculpatory evidence, is set out in State v. Johnson, 173 Minn. 543, 545, 217 N. W. 683, 684:

"* * * *all the circumstances proved* must be consistent with the hypothesis that the accused is guilty and inconsistent with any rational hypothesis except that of his guilt." (Italics supplied.)

In that case, we went on to say that there may be testimony for the defense which the jury reject, and that this would not be "cir-

cumstances proved." The only inference to be drawn from that statement is the converse—that, if exculpatory circumstances are proved, the circumstantial-evidence rule should be applied.

I believe that there was prejudicial error in the trial of this case and that a new trial should be ordered.

THOMAS GALLAGHER, JUSTICE (dissenting).

I concur in the dissent.

