## STATE v. FORREST TELLOCK.

142 N. W. (2d) 64.

April 15, 1966—No. 39,784.

*Whitney E. Tarutis,* for appellant.

*Robert W. Mattson,* Attorney General, and *Gerard W. Snell,* Solicitor General, for respondent.

OTIS, JUSTICE.

Defendant appeals from a conviction for attempted sodomy.

The first assignment challenges the right to convict for an attempt where the information charges only the crime of sodomy. It is the contention of defendant that under Minn. St. 609.035 (L. 1963, c. 753, § 609.035) an attempt is not a lesser and included offense but must be charged in a separate count since it involves an element of intent which must be alleged and proved. In support of his position he cites State v. Nelson, 199 Minn. 86, 93, 271 N. W. 114, 117, which held that an assault is not a lesser and included offense in a prosecution for sodomy and stated: "There are no degrees as to this offense." However, defend-

ant overlooks Minn. St. 609.04, subd. 1(2), (L. 1963, c. 753, § 609.04, subd. 1[2]) which provides:

"Upon prosecution for a crime, the actor may be convicted of either the crime charged or an included crime, but not both. An included crime may be any of the following:

\* \* \* \* \*

"(2) An attempt to commit the crime charged."

In construing a similar statute, we sustained a conviction for attempted carnal knowledge under an indictment for carnal knowledge of a female child in State ex rel. Elms v. Brown, 149 Minn. 297, 183 N. W. 669, which we hold governs the disposition of the instant case.

■ Although the trial court correctly charged the jury that in order to support a conviction for attempted sodomy it is necessary to prove beyond a reasonable doubt intent to commit the crime, it did not allude to Minn. St. 609.075 (L. 1963, c. 753, § 609.075), which provides as follows:

"An act committed while in a state of voluntary intoxication is not less criminal by reason thereof, but when a particular intent or other state of mind is a necessary element to constitute a particular crime, the fact of intoxication may be taken into consideration in determining such intent or state of mind."

However, since defendant did not request an instruction with respect to that statute he may not now complain of the court's failure to give it. State v. Rasmussen, 241 Minn. 310, 63 N. W. (2d) 1; State v. Soltau, 212 Minn. 20, 2 N. W. (2d) 155. In any event, defendant insisted throughout the trial that he was not intoxicated at the time of the alleged offense. We therefore find no prejudice in the fact the court did not give the statute sua sponte.

■ Defendant challenges the sufficiency of the evidence to sustain a conviction. Suffice it to say there was ample direct and circumstantial evidence to connect defendant with the offense, including admissions made the following day which were tantamount to a confession.

■ Defendant assigns as error the refusal of the court to give a requested instruction on the degree of proof necessary to establish identity

and on the failure of the state to produce as a witness a member of the Minnesota Crime Bureau who had for testing real evidence designed to connect defendant with the crime. We think the matter of identity was adequately covered by the charge dealing with circumstantial evidence. With respect to the witness from the crime bureau, we hold that the requested charge was one discretionary with the court. In any case, defendant fully presented to the jury in his closing argument the adverse implications which could be drawn from the state's failure to explain his absence. State v. Bailey, 235 Minn. 204, 207, 50 N. W. (2d) 272, 274.

■ It is the contention of defendant that the court was guilty of prejudicial error in refusing to require the probation officer to be sworn and cross-examined with respect to the source of his information as to how the jury voted on its first ballot. Defendant insists that the disclosure gives rise to an inference of jury tampering. While it might have been wiser for the trial court to clarify the matter, under the provisions of Minn. St. 609.115, subd. 4, (L. 1963, c. 753, § 609.115, subd. 4) it was authorized to protect the confidential sources of the information contained in the report.

Other assignments of error have been considered and found to be without merit.

Affirmed.