# STATE v. WILLIAM C. EVERSON.

175 N. W. (2d) 503.

March 6, 1970—No. 41101.

*C. Paul Jones,* State Public Defender, and *Rosalie E. Wahl,* Assistant State Public Defender, for appellant.

*Douglas M. Head,* Attorney General, *Richard H. Kyle,* Solicitor General, and *James J. O'Connor,* Special Assistant Attorney General, for respondent.

Heard before Knutson, C. J., and Otis, Rogosheske, Sheran, and Frank T. Gallagher, JJ.

FRANK T. GALLAGHER, JUSTICE.

This is an appeal from a judgment of the district court adjudging defendant guilty of the crime of theft by check, in violation of Minn. St. 609.52, subd. 2(3) (a).

On March 2, 1967, defendant, William C. Everson, and two friends were eating in Ambe's Hollywood Bar, Winona, Minnesota, owned and operated by Ambrose Schwartz. Defendant went up to the bar and ordered a round for the house which Schwartz and his bartender served. When Schwartz presented the $14.50 bill, defendant took out a blank check, filled in all the blanks, and made it out to "Amby's Bar & Cafe" for $50. Schwartz cashed it and gave him $35.50 in change.

At about 12:55 a. m. March 4, 1967, as Schwartz was closing up, defendant came in and said he needed money to get a hotel room. Schwartz reluctantly agreed to cash a $75 check. Defendant again filled in a blank check, making it out to Ambrose Schwartz for $75.

Both checks were drawn on the Northwestern National Bank of Minneapolis. The bank refused payment on the checks because defendant did not have, and never had had, an account with that bank.

The two checks were aggregated under § 609.52, subd. 3(5), and because they totaled over $100 within a 6-month period, the information charged defendant with a felony. Defendant pleaded not guilty. He was convicted by a jury on June 14, 1967.

■ Defendant contends that if checks are aggregated under Minn. St. 609.52, subd. 3(5), so that the total amount stolen establishes a felony rather than a misdemeanor, or a felony entailing a greater sentence, the prosecution must prove beyond a reasonable doubt that defendant intended at all times to cash all the checks. In other words, defendant argues that if on March 2 he only intended to cash and did cash the $50 check on a bank

in which he had no account, and on March 4 he happened to cash a second $75 check, then he is guilty of two misdemeanors and not one felony. He contends he did not have the necessary specific intent to commit a felony because he did not intend, when he passed the first check, to pass the second one.

Specific intent must be established beyond a reasonable doubt or be reasonably deducible from the evidence. State v. Higgin, 257 Minn. 46, 99 N. W. (2d) 902. The specific intent necessary to convict under the theft-by-check statute is that the passer of the check intends to defraud the one who cashes the check. In this case, there is ample evidence from which the jury could have concluded defendant intended to defraud Schwartz. State v. Mathiasen, 273 Minn. 372, 141 N. W. (2d) 805.

The state, once it has proved the intent to defraud, does not, as defendant contends, also have to prove that defendant intended at all times to cash all the checks aggregated under § 609.52, subd. 3(5). It is sufficient if he intends at the time he passes each check to defraud the one who cashes them. This follows the rule that even if a defendant did not intend to commit the crime which the act amounts to, it is sufficient if he intended the act which constitutes the crime. State v. Quackenbush, 98 Minn. 515, 108 N. W. 953; State v. Damuth, 135 Minn. 76, 160 N. W. 196.

■ Defendant contends that the trial court erred in requiring him, over objection, to answer a question as to whether he had been convicted of a felony. However, the credibility of any witness may be impeached by showing prior convictions. Minn. St. 595.07. This court recently decided that if the defendant takes the stand in his own behalf, his credibility may be impeached by cross-examination as to a prior conviction and as to the nature of the offense. State v. West, 285 Minn. 188, 173 N. W. (2d) 468. In this case the trial judge refused to allow a further question as to the nature of the prior conviction so there is even less possibility of prejudice than was present in West, where such in-

quiry was permitted. Therefore, defendant's contention as to the prosecution cross-examining about prior convictions is without merit.

■ The trial lasted 2 days. When court adjourned after the first day, the court neglected to caution the jury not to discuss the case nor to read or listen to any news account of the case. Defendant contends that this failure to give such a cautionary instruction denied him a fair trial. There was no objection to this failure to instruct at the time. There are a number of cases which hold that the failure to give an instruction, especially if it is a cautionary one, will not be reversible error in the absence of a request for the instruction or an objection to the failure to give it. State v. Jones, 277 Minn. 174, 152 N. W. (2d) 67 (failure to instruct that testimony of accomplice needs corroboration); State v. Tellock, 273 Minn. 512, 142 N. W. (2d) 64; State v. Rasmussen, 241 Minn. 310, 63 N. W. (2d) 1 (failure to instruct that prior convictions can be used only to impeach a witness); State v. Soltau, 212 Minn. 20, 2 N. W. (2d) 155.

In this case we have examined the record and find that defendant was not prejudiced by the failure to give the cautionary instruction. In the absence of a showing of actual prejudice, the conviction will not be reversed. State v. Thompson, 273 Minn. 1, 139 N. W. (2d) 490, certiorari denied, 385 U. S. 817, 87 S. Ct. 39, 17 L. ed. (2d) 56.

■ Finally, defendant claims that it was error for the judge to refuse to instruct the jury that it could find defendant guilty of two misdemeanors.

Where the evidence does not reasonably tend to reduce the crime to a lesser degree, a trial court may refuse a request to charge the jury as to such lesser degree. State v. Shevchuk, 282 Minn. 182, 163 N. W. (2d) 772; State v. Steeves, 279 Minn. 298, 157 N. W. (2d) 67. In this case, defendant admitted cashing both checks and having no account in the bank. It was, therefore, possible only that defendant was either guilty or not guilty of the

crime charged, and there was no need to charge the jury as to crimes of a lesser degree.

Affirmed.