**STATE of Minnesota, Respondent,**

v.

**William E. MARHOUN, Appellant.**

**No. CO–83–398.**

Supreme Court of Minnesota.

Jan. 25, 1985.

Mark W. Peterson, Jack S. Nordby, Minneapolis, for appellant.

Hubert H. Humphrey III, Atty. Gen., Jerry Anderson and Mary Theisen, Sp. Asst. Attys. Gen., St. Paul, James R. Clifford, Chisago County Atty., Center City, for respondent.

TODD, Justice.

William Marhoun was found guilty on charges of murder in the first degree, murder in the second degree, and criminal sexual conduct in the second degree. On appeal, he argues that the evidence is insufficient to support these convictions. He also requests this court to vacate the second degree murder and the second degree criminal sexual conduct adjudications. We affirm the first degree murder conviction and vacate the other convictions.

■ 1. Marhoun contends that the evidence produced at trial does not support his conviction of murder in the first degree beyond a reasonable doubt. We have reviewed the entire record.

In *State v. Ulvinen,* 313 N.W.2d 425 (Minn.1981), this court described the general standard for reviewing a jury verdict:

> In reviewing a claim of sufficiency of the evidence we must determine whether, under the facts in the record and any legitimate inferences that can be drawn from them, a jury could reasonably conclude that the defendant was guilty of the offense charged. *State v. Merrill,* 274 N.W.2d 99 (Minn.1978). The evidence must be viewed in the light most favorable to the prosecution and it is necessary to assume that the jury believed the state's witnesses and disbelieved any contrary evidence. *State v. Wahlberg,* 296 N.W.2d 408 (Minn.1980).

*Id.* at 428.

Since Marhoun's conviction was based entirely on circumstantial evidence, this court's statement in *State v. Jacobson,* 326 N.W.2d 663 (Minn.1982), is also relevant.

> The circumstantial evidence in a criminal case is entitled to as much weight as any other kind of evidence so long as the circumstances proved are consistent with the hypothesis that the accused is guilty and inconsistent with any rational hypothesis except that of his guilt.

*Id.* at 666 (citing *State v. Morgan,* 290 Minn. 558, 561, 188 N.W.2d 917, 919 (1971); *State v. Kaster,* 211 Minn. 119, 121, 300 N.W. 897, 899 (1941)).

Applying these principles to the record in this case, we conclude that the verdict of guilty on the charge of first degree murder is supported by the evidence beyond a reasonable doubt.

■ 2. At oral argument, the State agreed with defendant's contention that his convictions for murder in the second degree and criminal sexual conduct in the second degree should be vacated. The formal adjudications of conviction for these two offenses must be vacated pursuant to Minn.Stat. § 609.04, subd. 1, (1), (4) (1982). *See State v. LaTourelle,* 343 N.W.2d 277, 283–84 (Minn.1984).

The conviction of murder in the first degree is affirmed. The convictions for murder in the second degree and criminal sexual conduct in the second degree are vacated.